Tompkins, J.,
delivered the opinion of the Court.
This action was commenced-by Fenton against: Perkins-before-a; Justice of the; Peace.- Judgment being given against Bérkins,.he-appealed to the-Circuit Court of' Boone county,-w-here judgment being given for Pferkins, Fenton, for the second time,, brings up-the-cause here to reverse the judgment of the Circuit Court. It was proved-before the Circuit Court, that some time ¡«-.February, 1830, the plaintiff and defendant traded-with each other: Fenton gave Perkins a horse worth thirty or forty dollars for two-notes, one made by Perkins himself to Fenton for five dollars, the-other note (as the withess expressed it)-on John McMickie for seventy-five dollars.The horse was delivered to Perkins, andhe agreed' to leave- the notes with Dr. Ben— net. Fenton, on application to Dr. Bennet, was offered two notes, one of which only he received, which was the-note of Perkins;:the other purported to be-made by John Mickle. He refused to receive the last, alledging:as a reason that he-was entitled'-to have the note-of John McMickie.- To prove that the parties contracted for this particular note, the defendant gave in evidence that he had been seen by the plaintiff'in error and others, to-have some-months before a note commonly called a Martin and McMickie note, several of which were said to be in circulation, ■ purporting to be made by McMickie to one Martin; and which were thought to be of doubtful characterbut it was not proved to be signed by John Mickle. Little other evidence was given. It was proved that the note when traded for was at Perkins’ house, and was understood'by Fenton to be already in existence, and-there was ■ no conversation about' the time when it had become due, or whether then due, or: when it would be due.- This Court, when the cause was up before, decided that Fenton was entitled to-a note signed by John. McMickie, unless it could be proved that this note was specially contracted for. Lest the former decision of 'the Court should he misunderstood, it will be here observed that the Court decided th'at'Fenfon was, under the circumstances of this particular case, entitled to ■ a note signed by John McMickie,- and that his handwriting should he intelligible,-.unless it could be proved that this particular note was understood’to be the-subjeet matter of the contract, because -it was considered that Perkins had no right to impose on Fenton the task of proving that Mickle was intended for McMielde.- The abbreviations of a man’s given name are so common, that, without any violence to the law of the land, the Courts may take judicial notice of them ;..but can it be said so of the family name?. This name,it may be also observed, is. abbreviated in the initial letters, *107 Whereas the usual*abbreviations are in the final letters. The majority of the Court-, is inclined to believe, that notwithstanding the small value of the horse, and the undisputed and well established solvency of John McMiclde, that the testimony was-altogether insufficient to justify a jury to find a verdict for the defendant; and as the'former verdict was given for the-defendant, under the influence of directions-of the Circuit Court, deemed by this Court to he erroneous, we-tliink that-the Cir--cuit Court ought to have granted a new- trial. Its judgment is therefore reversed,; and the cause remanded to be proceeded in-according to this opinion.-