WILLIAM LINN, plaintiff in error v. CHARLES BUCKINGHAM and WOLCOTT HUNTINGTON, defendants in error.

*Error to Fayette.*

In an action upon a promissory note against the maker, the declaration described the note as made by William Linn. The note produced in evidence, was signed " Wm. Linn:" *Held* there was no variance, and that the proof was sufficient.

It is no objection to a security for costs, that it is signed by a firm in their co-partnership name.

Where a security for costs was written upon the back of the declaration in a cause, but the title of the Court did not appear in the same: *Held* that it was a sufficient compliance with the statute.

A defendant cannot deny the execution of a promissory note, upon which he is sued, or dispute its genuineness, unless he verify his denial by affidavit.

THIS cause was tried at the October term, 1838, of the Fayette Circuit Court, before the Hon. Sidney Breese. Judgment was rendered for the defendants in error.

---

Linn *v.* Buckingham *et al.*

---

Upon the declaration, the following security for costs was endorsed :

" Charles Buckingham and ⎫
   Wolcott Huntington *v.* ⎬
   William Linn.     ⎭

We hereby·enter ourselves as security for costs in this entitled cause, and acknowledge ourselves bound to pay all costs that may accrue, either to the opposite party, or to any of the officers of this Court, in pursuance of the laws of the State of Illinois.

COWLES & KRUM."

L. DAVIS and F. FORMAN, for the plaintiff in error, cited R. L.·170, § 23,(1) 165–6, § 1 ;(2) Printed Opinions 288,(3) 201,(4) 114 ;(5) 13 Johnson 486.

SMITH, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* on a promissory note. The declaration is in the usual form, with the money counts, to which the defendant pleaded non assumpsit. The defendant, before pleading in the Circuit Court, moved the Court to dismiss the cause from the docket, because the plaintiffs were non-residents at the time of the commencement of the action, and had not filed a sufficient bond for the payment of costs, in conformity to the provisions of the statute in such cases. Proof of non-residence was made, and a bond, it appears from the record, was endorsed on the declaration, signed in the partnership name of the attorneys. The Circuit Court refused the application ; and the defendant's counsel excepted. The cause was then submitted to the Court for trial, without the intervention of a jury ; and the plaintiffs, having proved the co-partnership, produced in evidence a note corresponding to the one described in the declaration, signed "Wm. Linn," and there rested their case. Whereupon the defendant moved for a nonsuit, because the plaintiffs had failed to prove that the note offered in evidence, signed "Wm. Linn," was executed by William Linn.

Two grounds are now assigned for error. First, The refusal of the Court to dismiss the suit for the alleged insufficiency of the bond for costs ; Secondly, the refusal of the Court to nonsuit the plaintiffs upon the evidence produced.

Upon the first point it is to be remarked, that the record shows a bond written on the declaration entitled in the cause, and substantially in the form prescribed by the act requiring security for costs to be given in certain cases. It is urged, that because the entitling of the cause does not state it to be in any court, it cannot relate to the action described in the declaration ;

(1) Gale's Stat. 199.    (2) Gale's Stat. 195.    (3) Ante 388.
(4) Ante 252.         (5) Ante 165.

and that therefore the bond is not in conformity to the law. We do not perceive the force of the objection. On the contrary, it would be doing violence to a reasonable interpretation of the facts of the case, to suppose that the security given, related to any other cause than the one described in the declaration, and corresponding with the one entitled in the bond for security of costs. The bond is entirely sufficient and perfect. The further objection, that it is signed in the co-partnership name of the attorneys, omitting their Christian names, seems not to be a sufficient objection to its validity. The proceedings to be had to enforce the performance of the condition of the bond, might be rendered as effectual as if each had subscribed his name at full length. The second objection cannot be sustained. By the 12th section of the "*Act concerning Practice in Courts of Law,*"(1) approved 29th of January, 1827, it is declared, " That no person shall be permitted to deny on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, unless such person so denying the same, shall, if defendant, verify his plea by affidavit."

By the practice under this section of the act, it was unnecessary for the plaintiffs to prove the execution of the note; and having shown the existence of the co-partnership, to whom the note was payable, the defendant could not controvert its validity, or dispute its genuineness.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* See Kettelle *v.* Wardell, decided Dec. term, 1839, *Post.*; Warnock *v.* Russell, *Ante* 383; Seward *v.* Wilson, and note, *Ante* 192.

See also, Vance and Breese *v.* Funk *et al.,* decided June term, 1840, where it was held that the execution of a note signed J. E. Vance & Co., could not be denied under a plea of the general issue unaccompanied by an affidavit of its truth. 2 Scam.

Variances: *Ante* 193, 206, 272, 332; Peyton *et al. v.* Tappan, *Ante* 388.