## WEAVER, TO USE OF WEBB, vs. McELHENON.

Courts may take judicial notice of the abbreviations of a man's Christian name.

### APPEAL FROM GREENE CIRCUIT COURT.

#### STATEMENT OF THE CASE.

This is an action of debt by petition and summons brought by the plaintiff upon a promis-sory note for $160, and was signed by the defendant by the name of "Christy" or Christ Mc-Elhenon. The defendant filed a general demurrer to the petition, which was sustained by the circuit court, and the plaintiff brings this suit here by appeal.

EDWARDS for appellant.

The petition in said case is in the form prescribed by the statute, and the only objection taken, is that the petition states that Christopher McElhenon executed the note ; and the note set out

12

is signed by "Christy" or "Christ" McElhenon.  This, if an objection, cannot be reached by demurrer, but should be taken advantage of under a plea of abatement or misnomer.  Under the patent plea of the last legislature, it should have been taken advantage of on the trial, on the ground of a variance between the name set out in the petition and that which was signed to the note offered in evidence.  See. 1 Chitty's Pleadings, page 485.

A petition in debt, under our statute, carries with it all necessary averments that could be made in the petition.  See 6 Mo. Rep. page 163.

It is contended that this is not a misnomer of the defendant, but that it is a mere abbrevia-tion of the name of the defendant, and such being the case, the court was bound to take judi-cial notice of the fact.  See Perkins ats Fenton, 3 Mo. Rep. 144.

Where two names have the same original derivation, or where one is an *abbreviation* or cor-ruption of the other, but both are taken promiscuously, and according to common usage to be the same, though differing in sound, the use of one for the other is not a material misnomer. See Gordon vs. Holliday, 1 Wash. C. C. Rep. 285.

If this be the law in this case, the court should have overruled the demurrer, and permitted the plaintiff to show that the name by which this note was signed, was an abbreviation of the defendant's name.  The doctrine in the case of Fenton vs. Perkins, above cited, also bears on this point.  See also City Council vs. A. W. King; 4th McCord Rep. 487.

HENDRICK for appellee.

The circuit court did not err in its decision in this case.  The action was manifestly brought wrong, and the court correctly sustained the demurrer.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, the only point for the adjudication of this court, is the judgment of the circuit court in sustaining the defendant's demurrer to the plaintiff's petition.

We are of the opinion that the circuit court committed error in sus-taining the defendant's demurrer.  The only objection on the record ap-pears to be, the abbreviation of the Christian name of McElhenon.

The petition sets forth his full name of "Christopher," and the note is signed by him in the abbreviated name thus: "Christy" or Christ. We do not consider this abbreviation, and the manner it has been set forth in the petition of the plaintiff, as an objection liable to be reached by demurrer.

If it was a variance even, the same ought to have been taken advan-tage of on the trial, by motion to exclude the note as evidence on account of such variance, or by craving oyer, and spreading out the instrument and then demurring.  See Summers et al. vs. Tice, 1 Mo. Rep. 349.

We do not consider this a material or fatal variance.  It is, in our opinion, simply an abbreviation, and according to the decisions of this court heretofore made in the cases of Birch & Hayden vs. Rogers, 3rd

Mo. Rep. 227, and Fenton vs. Perkins, 3rd Mo. Rep. 144, "the abbreviations of a man's given name are so common, that, withont any violence to the laws of our land, the courts may take judicial notice of them."

The case of Gordon vs. Holliday, 1 Wash. C. C. Rep. 285, cited by the appellant's counsel in his brief, fully sustains the views of this court as to the abbreviation of names.

We are therefore of the opinion, that the court below erred in giving judgment on the demurrer for the defendant below.

The judgment of the circuit court is therefore reversed, and this case is remanded to be further proceeded in according to the opinion hereby given.