Filed May 24, 1886.

———◆———

No. 12,525.

FRAZER, TRUSTEE, *v.* THE STATE, FOR USE OF INGERMAN, DRAINAGE COMMISSIONER.

DRAINAGE.—*Description of Land.*—*Abbreviations.*—A description of land, in a drainage assessment, by well understood abbreviations, is not bad for uncertainty.

SAME.—*Presumption as to Location of Land.*—In the absence of any showing to the contrary, it will be presumed that the lands assessed in a drainage proceeding are situated in the county in which such proceeding is conducted.

SAME.—*Complaint to Collect Assessment.—Parties.—Right to Sue.*—A complaint by a drainage commissioner to collect an assessment, which shows that the construction of the drain was referred to one described as the plaintiff's predecessor in office, but not showing more definitely that the latter's term has expired, and that the plaintiff was appointed and qualified as his successor and directed by the court to complete the work, is bad on demurrer as not showing a right of action in the plaintiff.

SAME.—*Demurrer.*—A demurrer to a complaint for the fifth statutory cause calls in question both the sufficiency of the facts stated and the right of the plaintiff to maintain the action.

From the Hamilton Circuit Court.

*R. Graham,* for appellant.

*W. Neal* and *J. F. Neal,* for appellee.

HOWK, C. J.—The first error of which complaint is here made, on behalf of the appellant, is the overruling of his demurrer to appellee's complaint.

The suit was brought on April 17th, 1885, to collect certain assessments made in certain drainage proceedings, instituted in the circuit court of Hamilton county, on January 24th, 1884, by one Levi Huber, on certain described real estate alleged to be "lands of the defendant," and to foreclose an alleged lien on such real estate and sell the same, or so much thereof as might be necessary to satisfy the appellee's demand. The real estate mentioned in appellee's complaint was assessed for benefits, in the name of the Franklin Life Insurance Company, a corporation organized under the laws of this State, whereof the appellant was alleged to be "the appointed, qualified and acting trustee." With such complaint the appellee filed a copy of the original assessment made by the three commissioners of drainage, to whom Levi Huber's petition for the drain described therein was referred by the court, and by them returned into court as a part of their report.

Appellant Frazer demurred to appellee's complaint, upon two grounds, namely:

1. That such complaint does not state facts sufficient to constitute a cause of action. And,

2. That there was a defect of parties plaintiffs, as shown by such complaint.

Under the first ground of demurrer appellant's counsel first insists that the description of the real estate, assessed in the name of the Franklin Life Insurance Company, as found in the copy of the assessment of benefits and damages, which is filed with and made part of the complaint, is wholly insufficient. Counsel says: "There is no intelligent description of any tract of land, and no description given that would enable an officer or any other person to locate any of the several tracts of lands." In such assessment, the tracts of land, assessed in the name of such insurance company, are thus described: "S. W. ¼ N. W. ¼ S. 8, T. 19, R. 5, 40 A. and S. E. ¼ N. W. ¼ S. 8, T. 19, R. 5, 40 A." In *Jordan Ditching, etc., Ass'n* v. *Wagoner*, 33 Ind. 50, a similar objection was made to a similar description of land in a drainage assessment, and of such objection the court there said: " It is sufficient to say that the description would be good in a deed or mortgage, the abbreviations being as well understood in this State as the words for which they stand." *Etchison, etc., Ass'n* v. *Jarrell*, 33 Ind. 131. There is no substance in this objection.

But it is further objected that the description of the lands, in such assessment, is fatally defective because there is no indication, in the assessment, in what county or State such lands are located. This objection is not well taken. The assessment was made by the commissioners of drainage of Hamilton county, under an order of the circuit court of such county, and it was reported to and was confirmed by such court. The presumption is, therefore, that the lands are located in Hamilton county, and this presumption must prevail and be indulged until the contrary is shown.

Under the second ground of demurrer, appellant's counsel

claims, as we understand him; that there is a defect of parties plaintiffs, because the complaint fails to show that Ingerman, for whose use the suit was brought, was the commissioner of drainage to whom the court referred the construction of the proposed ditch or drain.   The complaint shows that the construction of such ditch or drain was referred by the court to one James A. McMullen, who was at the time one of the drainage commissioners of Hamilton county.   In the complaint McMullen is once described as " the predecessor of said Ingerman in said office ; " but, further than it may be inferred from this description, it is nowhere averred in the complaint that McMullen had ever ceased to be drainage commissioner, or that the construction of the ditch or drain had ever been referred to Ingerman by the proper court.   Whether this showing in the complaint was or was not sufficient to indicate a defect of parties plaintiffs, in this, that McMullen is thereby shown to be the only proper plaintiff, is a question we need not decide.   It is certain, we think, that the complaint wholly fails to show any cause or right of action in Ingerman, or any authority in him to bring or maintain this action against the appellant.   For this reason the complaint was clearly insufficient, and it was error to overrule appellant's demurrer thereto, upon the first ground assigned, namely, the insufficiency of the facts therein stated.

We have held, and correctly so we think, that a demurrer to a complaint for the *fifth* statutory cause of demurrer (section 339, R. S. 1881,) calls in question not only the sufficiency of the facts stated in such complaint to constitute a cause of action, but also the right or authority of the particular plaintiff to institute or maintain a suit upon such cause of action.   *Pence* v. *Aughe*, 101 Ind. 317 ; *Wilson* v. *Galey*, 103 Ind. 257 ; *Sinker* v. *Floyd*, 104 Ind. 291 ; *Walker* v. *Heller*, 104 Ind. 327.

In the case in hand, the facts alleged in the complaint showed a statutory right of action in McMullen, with a doubt or suspicion cast thereon by the implication or inference aris-

ing from the recital, *not* the averment, of the fact that Mc-Mullen was " the predecessor of said Ingerman in said office." To have stated a cause of action, in the name of the State of Indiana, for the use of Ingerman, commissioner of drainage, and to have shown Ingerman's right and authority to bring and maintain the suit, it ought to have been alleged in the complaint, in addition to the averments already contained therein, under the provisions of sections 4276 and 4277, R. S. 1881, as amended by sections 3 and 4 of the amendatory act of March 8th, 1883 (Acts 1883, p. 173), that, before the final completion of such ditch or drain, McMullen's term of office as drainage commissioner had expired, that Ingerman had been appointed by the Hamilton Circuit Court, and had qualified as the successor of McMullen in such office, and that such circuit court had thereupon directed Ingerman, as such drainage commissioner, to complete the construction of the proposed ditch. For the want of any such allegations of fact as these in the complaint in this cause, we are of opinion that the demurrer thereto, for the *fifth* statutory cause of demurrer, ought to have been sustained.

This conclusion renders it unnecessary for us to consider or decide now any question arising under the alleged error of the court in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

Filed May 24, 1886.