83  475
95  597
83  475
146 ²484

JAMES PEASE v. CHARLES H. MUNRO.

*Bill of exceptions—Record—Index.*

1. The practice of sending up the stenographer's notes as a bill of exceptions has been many times condemned by the Court.
2. In this case Supreme Court Rule No. 61, as amended July 2, 1890, is not complied with, in that no index to the record, or to the parts of the record to which the assignments of error apply, is furnished the Court; and the case having been twice

tried, with a result adverse to the appellant on each trial, the judgment is affirmed.

Error to Lake. (Judkins, J.) Submitted on briefs November 13, 1890. Decided December 5, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Ransom Cooper ( Will G. Fleischhauer,* of counsel), for appellant.

*Charles A. Withey,* for plaintiff.

PER CURIAM. The plaintiff sued the defendant in justice's court for a balance claimed to be due him upon a contract for peeling and delivering the hemlock ·bark on a certain description of land in Lake county.

In the contract the plaintiff agreed to peel all the hemlock bark on the trees 12 inches in diameter, and upwards, on lands described in the contract, during the season of 1888, for which he was to receive 75 cents per cord when 50 cords were peeled and piled, and roads made to it; 75 cents per cord when piled on the track; 85 cents per cord when loaded on the cars; and 50 cents per cord at the completion of the contract. The plaintiff had been paid all except the 50 cents per cord payable at the completion of the contract. The defendant declined to pay this upon the ground that the contract had not been completed, and it was conceded on both sides that the plaintiff could recover only upon satisfactory proof that the contract had been fully performed. The plaintiff recovered a judgment in justice's court, and defendant appealed to the circuit, where the plaintiff again had judgment, and the defendant brings the case to this Court upon writ of error.

The bill of exceptions appears to contain all the testimony taken upon the trial, including questions and answers, in some cases many times repeated, and no attempt seems to have been made in settling the bill of exceptions to aid this Court in getting at the exact questions involved. The practice of sending up the stenographer's notes as a bill of exceptions for us to examine has been many times condemned. This record contains nearly 200 pages, much of which ought to have been omitted. It is noticeable also that we are not furnished with any index to the record, nor to the parts of the record to which the assignments of error apply. This is a violation of Rule 61 of this Court as amended July 2, 1890 (74 Mich.); and to pass upon all the errors assigned would necessitate a great deal of unnecessary work, which this Court in the present state of its business is not able to undertake.

The case has been twice tried before a jury, and the plaintiff has each time recovered. We have read the testimony and the charge of the court, and see nothing to indicate that the case was not fairly tried in the circuit. If counsel desire us critically to examine the record for technical errors, we shall require them to follow, with strictness, the rules that are intended to aid the Court in such examination.

The judgment will be affirmed, with costs.