## ALEXANDER BELFORD

*v.*

## A. J. BEATTY *et al.*

*Filed at Ottawa, May 9, 1893.*

1. PROMISSORY NOTE—*construed as to interest—"int. a 6% p. a."* A promissory note reading as follows: "$1,836.40. Chicago, Nov. 27, 1891. Twenty-one days after date I promise to pay to the order of A. J. Beatty & Sons, eighteen hundred and thirty-six and 40-100 dollars, payable at my office; value received; int. a 6% p. a." and signed, will call for interest at the rate of six per cent per annum.

2. The word "Int.," inserted after the words "value received," in a promissory note, is an abbreviation of the word interest, and should be construed the same as if the entire word was written out. The letter "a," when used in a note as above, stands for the word "at," and "6%" when used as here, stands for six per cent, and the letters "p." and "a." when used in the connection here used, mean "per annum."

3. PRACTICE—*trying case on short cause calendar—waiving objections.* If after the overruling of defendant's motion to strike a cause from the short cause calendar, and exception taken, he appears when the case is called and proceeds to trial without objection, and waives a jury, he will, by going into trial without objection, waive the irregularity, if any occurred, in placing the case on the short cause calendar. It is not enough that defendant excepted to the refusal to strike the cause from that docket. He should, when the cause is called for trial, object to the trial, and save an exception to the ruling of the court.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. GEO. H. KETTELLE, Judge, presiding.

Messrs. NEWMAN & NORTHRUP, for the appellant:

The cause ought never to have been placed on the short cause calendar, and the court erred in denying appellant's motion to strike the same off such docket. An attorney of record is not allowed to file his own affidavit as the basis of a rule. *Hopkinson* v. *Bulkley*, 8 Taunt. 74; Tidd's Practice, 494; 1 Am. & Eng. Ency. of Law, 309, 310, note 3; *Taylor* v. *Hatch*, 12 John. 340; *Toorle* v. *Smith*, 34 Kan. 27; *Hammond* v. *Freeman*, 9 Ark. 62; *King* v. *Wallace*, 3 Tenn. Rep. 403; Proffatt on Notaries, sec. 55; 1 Wade on Attachments, sec. 60; 3 Greenl. on Evid., sec. 332.

The court errred in allowing the plaintiff interest from date.

There is no proof in the record that A. J. Beatty, R. J. Beatty, and George Beatty constitute the firm of A. J. Beatty & Sons or A. J. Beatty & Son, or that the notes introduced were the notes set out in the declaration.

Messrs. ULLMAN & HACKER, for the appellees:

An attorney of record is competent to take an affidavit to be used in the case. *Reavis* v. *Cowell*, 56 Cal. 588; *Dawes* v. *Glasgow*, 1 Pin. 171.

The appellant, by voluntarily going to trial, waived the objection to the cause being tried on short cause calendar, and can not urge it now. *Jensen* v. *Fricke*, 133 Ill. 171; *Cleaver* v. *Webster*, 73 id. 607; *Anderson* v. *McCormick*, 129 id. 314.

The notes bore interest, and its allowance was proper. As to the abbreviations, see *Gramer* v. *Joder*, 65 Ill. 314; *Thompson* v. *Hoagland*, 65 id. 310.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by A. J. Beatty, R. J. Beatty and George Beatty, who claim to be co-partners, under the firm name of A. J. Beatty & Sons, against Alexander Belford, to recover the sum of $3,212.41, upon two promissory notes, made by Alexander Belford on the 27th day of November, 1891. The first note, due in fifteen days, was for the sum of $1,376; the second note, due in twenty-one days, for the sum of $1,836.41. Both notes were payable to the order of A. J. Beatty & Sons.

To the declaration the defendant pleaded the general issue; also a want of consideration. The parties by agreement waived a jury, and the cause was tried before the court, resulting in a judgment for the plaintiffs for the amount of the notes, principal and interest. The defendant appealed to the Appellate Court, where the judgment of the Circuit Court was affirmed. It appears from the record that the cause was placed on the short cause calendar, and the defendant entered a motion to strike the cause from that calendar. The court overruled the motion, and the decision is relied upon as error. Upon looking into the record, it will be found that the cause was placed on the short cause calendar on January 20, 1892, and called for trial February 1, 1892. On this last date the defendant entered a motion to strike the cause from the short cause calendar. The court held the motion under advisement until February 9, 1892, when it was overruled, and the defendant excepted to the decision of the court. Nothing further was done until February 15, when the cause was again called; the parties being present, a jury, by agreement, was waived, and the cause proceeded to trial without objection from any quarter. When the defendant appeared on the day the cause was finally tried, and waived a jury, and submitted to a trial without interposing any objection, we are of the opinion that he waived any irregularity, if any occurred, in placing the cause on the short cause calendar. A similar question

arose upon a similar state of facts in *Jensen* v. *Fricke*, 133 Ill. 171, and we there held that the objection was waived. It is there said:

"The court had jurisdiction of the persons and subject-matter, and the defendants having voluntarily appeared on the day set for trial of the cause, waived a jury, and submitted to trial without objection, can not now be heard to complain. The record shows that no objection was interposed upon the call of the case upon the short cause calendar. They had the right to waive the objection, and, by waiving a jury and submitting the cause to the judge for trial, did so. (*Cleaver* v. *Webster*, 73 Ill. 607). Having waived the objection when they might have insisted upon it, they were in no position to urge it upon motion for a new trial," or, we may add, upon appeal.

See, also, *Anderson* v. *McCormick*, 129 Ill. 308. It was not enough that defendant excepted to the ruling of the court on February 15, refusing to strike the cause from the short cause calendar, but if he still desired to rely upon the objection, when the cause was called for trial six days later, it was his duty then to object to a trial and save an exception to the ruling of the court; this he failed to do, but waived a jury and voluntarily went to trial.

It is next urged that the two notes were executed without consideration. That was a question of fact, upon which the judgment of the Appellate Court affirming the judgment of the Circuit Court is conclusive. It is also said that the declaration counted on notes payable to A. J. Beatty & Sons, and the notes read in evidence were payable to A. J. Beatty & Son. The supposed variance, if any exists, was disposed of by an amended record filed in the cause, in which it appears that the notes were in fact payable to A. J. Beatty & Sons.

The note in suit, first due, read as follows:

"1836.40.    CHICAGO, November 27, 1891.

21 days after date I promise to pay to the order of A. J. Beatty & Sons, eighteen hundred and thirty-six and 40-100 dollars, payable at my office. Value received. Int. a 6% p. a."

The other note, as respects interest, read the same. The court allowed interest from the date of the notes, and it is claimed from the reading of the notes, interest could not be recovered. "Int.", inserted after the words "value received", is beyond question an abbreviation of the word interest, and should receive the same construction as if the entire word interest had been written out. The letter "a.", when used in a note, as it was here, is known and recognized among commercial people and business men as standing for the word "at", so, also, "6%", is a per cent mark, and when used as here, has a recognized meaning, and is known to stand for "six per cent." The letters "p." "a.", standing isolated and alone, might perhaps be of but little significance, but when used in the connection they were used here, their meaning can not be misapprehended, and they were intended to be read as per annum. We think the construction placed on the abbreviations by the court was correct and judgment for interest was fully authorized by the language of the notes. The judgment of the Appellate Court will be affirmed.        *Judgment affirmed.*