JOBE B. REEDER ET AL. V. JEROME B. MOORE, MARY ANN MOORE, AND WILLIAM MOORE.

*Replevin—Fraudulent purchase—Demand—Pleading—Description of property—Variance—Waiver—Practice in Supreme Court.*

1. Replevin lies, without demand, for goods purchased through the false representations of the vendee as to his financial condition.

2. Where, in replevin for goods purchased by a husband through false representations, his wife is joined as a defendant, she having a bill of sale of or a mortgage on the goods, she is entitled to a demand therefor before the suit is brought, unless her possession is collusive; and, if such fact is inferable from the evidence, the right to recover as against her, without proof of a demand, is a question for the jury.

3. Where the descriptions of none of the articles are identical in a writ of replevin and in the declaration, it is too late after plea to take advantage of the variance.

4. The earnings of minor sons belong *prima facie* to their father.

5. Assignments of error mentioned in the brief of appellant's counsel will not be considered where the exceptions on which they are based are not indexed, nor the pages of the record where they may be found referred to, either in the assignments of error or in said brief; citing Supreme Court Rule No. 61; *Pease v. Munro,* 83 Mich. 475.

Error to Muskegon. (Dickerman, J.) Argued April 11, 1893. Decided June 1, 1893.

Replevin. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellants.

*Peter Doran,* for plaintiffs.

HOOKER, C. J. Plaintiffs brought replevin against Jerome B. Moore, his wife and son, for a quantity of shoes claimed by them to have been purchased from them by Moore through misrepresentation as to his financial condition. At the time of the replevin the son was in charge of the goods, and the mother had a mortgage or bill of sale upon them. The plaintiffs assert that the son was the agent of the father, while defendants claim that he was the agent of the mother, and that the goods were in her possession.

We are asked to reverse the judgment upon the ground that no demand was made for the property before the writ was issued. As against Moore, no demand was necessary.

Cobbey, Rep. § 503, note; *Koch v. Lyon*, 82 Mich. 513; Shinn, Pl. & Pr. § 156; Wells, Rep. § 345, note. His wife, on the other hand, was entitled to a demand, if in possession, unless her possession was fraudulent. In such case she would be in no better position than the husband. In this particular this case is distinguishable from the case of *Pangborn v. Ruemenapp*, 74 Mich. 572, where the defendant was in possession under a purchase made in good faith. It cannot be said as matter of law that plaintiffs could not recover without proof of demand, unless it shall be determined that there is no evidence tending to show that the wife's possession was collusive; and, as there was evidence from which collusion might be inferred, it was a question for the jury.

The following differences between the descriptions of the property in the writ and the declaration appear, viz:

(Writ.)

"6 pair men's patrol shoes.
12 pair youths' satin oil shoes.
6 pair childs' dongola shoes.
6 pair men's kangaroo shoes.
12 pair ladies' glove grain shoes.
12 pair men's dongola shoes.
12 pair boys' satin oil shoes.
12 pair men's cork sole calf shoes.
12 pair childs' pebble grain shoes.
12 pair men's kangaroo shoes.
12 pair men's rubber snow excluders.
24 pair men's imitation sandals rubbers.
24 pair ladies' croquet sandals.
24 pair misses' croquet sandals.
—Being the goods and chattels obtained by Jerome B. Moore from the said firm of Geo. H. Reeder & Co."

" Did unlawfully detain certain goods and chattels, the property of the said plaintiffs, described in the writ of replevin in this cause, and hereinafter set forth:

(Declaration.)

6 pair men's patrol.
12 pair youths' satin oil.
6 pair childs' dongola.
6 pair kangaroo congress.
12 pair ladies' glove grained.
12 pair men's satin congress.
12 pair boys' satin oil.
12 pair men's corked soled congress.
12 pair childs' pebble buttons.
12 pair men's saving calf.
12 pair men's rubber excluders.
24 pair imitation sandals.
24 pair ladies' croquet.
24 pair misses' croquet.
12 pair misses' dongola buttons.
—Being the goods and chattels obtained by Jerome B. Moore from Geo. H. Reeder & Co."

The jury rendered a verdict in favor of the plaintiffs for six cents damages.

It will be noticed that neither the word "shoes" nor "sandals" (except in one instance) is used in the declaration. It further appears that none of the articles are identical in the descriptions in the writ and the declaration. This is claimed to be a fatal variance. Whether it could not be shown that most of the descriptions were different names for the same articles we need not decide. Since the abandonment of the practice of reciting the contents of the writ in the declaration, and the denial of oyer of the writ, the usual method of taking advantage of a variance between the writ and declaration has been by motion. *Willard v. Missani,* 1 Cow. 37; *M'Farlin v. Townsend,* 17 Wend. 440; 1 Chit. Pl. 244; *Hole v. Finch,* 2 Wils. 393. After plea it is too late to take advantage of such variance. *Garland v. Chattle,* 12 Johns. 430; *Cronly v. Brown,* 12 Wend. 271.

Error is assigned upon the instruction to the jury that the earnings of the minor sons of the defendants *prima facie* belonged to the father. We understand this to be the law.

Several other assignments of error are mentioned in the brief of appellants' counsel, but, as the exceptions relied on are not indexed, and the pages are not referred to, either in the assignments of error or the brief, they are not considered. See Supreme Court Rule No. 61; *Pease v. Munro,* 83 Mich. 475.

The judgment will be affirmed.

The other Justices concurred.