CARROLL HARRISON, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Railroads**: KILLING OF STOCK: JURISDICTIONAL AVERMENT OF VENUE The averment in an action before a justice of the peace for double damages for the killing of stock by a railway company, that the township in which the stock was killed is adjacent to the one in which the action is instituted, will, in the absence of objection thereto, be deemed equivalent to the allegation that the one township adjoins the other.

2. **Judicial Cognizance of the use of Initials for Names of Railway Companies.** *Semble*, that courts may take judicial cognizance of the fact that the initials, I. M. R. R., are commonly used as an abreviation of the name of the defendant in this cause.

3. Practice, Appellate: AFFIRMANCE WITH DAMAGES. When a successful plaintiff can, by a little additional care at the trial, discourage an appeal by the defendant, but fails to exercise such care, he is not in a position to obtain an affirmance of the judgment with damages.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*M. L. Clardy* and *J. J. Russell* for appellant.

(1) There was no proof that the defendant owned or operated any railroad. Plaintiff can not recover on such proof. *Lindsay v. Railroad*, 36 Mo. App. 51; *O'Donnell v. Railroad*, 7 Mo. App. 190; *Gilbert v. Railroad*, 23 Mo. App. 65. This court certainly can not assume that "I. M. R. R." means "St. Louis, Iron Mountain and Southern Railway," nor that the defendant operated such a line. (2) It was shown that the place where it is claimed the mule was hurt was in Ohio township; suit was brought in Tywappity township; but it did not appear that they were adjoining townships. It must appear by both the pleading and evidence that they were adjoining. In this case the evidence clearly failed to show this. *Jewett v. Railroad*, 38 Mo. App. 48; *Jones v. Railroad*, 52 Mo. App. 381; *Mier v. Railroad*, decided this term. The petition states that the townships are "adjacent." This does not mean that they are adjoining. Anderson's Dictionary of Law, p. 30.

*Wilson & Boone* for respondent.

ROMBAUER, P. J.—This is an action to recover double damages for the killing of plaintiff's mule by the defendant's locomotive on an unfenced part of the defendant's road. The cause was tried by the court

without a jury, and the plaintiff recovered judgment. The meritorious defense interposed at the trial was that the mule was not struck by the locomotive at all, but died from disease. On that defense the court found for the plaintiff, and, as there was substantial evidence, tending to show that the mule was struck by a passing train and died in consequence thereof, we are concluded by such finding. The technical defenses interposed on this appeal are that there is no substantial evidence that the defendant owned and operated the road on which the animal was killed, and that it does not appear, either from the statement or evidence, that the suit was instituted in a township adjoining the one in which the animal was killed, although both showings are jurisdictionally essential under the decisions in *Jewett v. Railroad*, 38 Mo. App. 48, and *Jones v. Railroad*, 52 Mo. App. 381.

The action was brought in Tywappity township. The plaintiff's statement avers that the animal was killed in Ohio township, which is adjacent to Tywappity. The justice's summons requires the defendant to appear at his office in Charleston, Tywappity township. The cause of action was tried before the circuit court of Mississippi county, and we are bound to take judicial notice of the fact that Charleston is the county seat of that county. One of the witnesses upon the trial identified the township, wherein the mule was killed, as Ohio township in Mississippi county, and added it *"adjoins this township."* In this state of the record we are not prepared to say that there was a *total failure* of evidence tending to show that the animal was killed in a township adjoining the one where the suit was instituted. The adjective *adjacent* may be used in different senses, and is frequently used interchangeably with *adjoining*, although it may with more propriety be used

VOL. 58—30

for lying near or close, and in the latter sense things adjacent may be separated by the intervention of some other object. (Worcester-Anderson.) But no objection was made to the statement on the ground of this imperfect allegation, and the imperfection is cured by the provisions of section 2113 of the code of civil procedure.

The second complaint is based on the want of evidence tending to show that the accident occurred on defendant's railroad. One witness states that the accident occurred between Stephen Bird's and Rodney switch on the I. M. R. R. Whether the abbreviation was one used by the witness or by the stenographer does not appear. Assuming, however, that it was used by the witness, yet we would not be prepared to say that the term used did not sufficiently express the defendant's name, or that the court could not take judicial notice of the fact that the letters are commonly used as an abbreviation for Iron Mountain railroad. It was said as early as *Fenton v. Perkins*, 3 Mo. 144, that the abbreviations of a man's Christian name are so common, that, without any violence to the law of the land, the courts may take judicial notice of them. We may add that railroads begin to be commonly known and spoken of by the initials of their corporate name, and that it is notorious that some of them are better known by their initials than by their full corporate name. There is not a particle of evidence in the record that there is any other railroad in the neighborhood of the accident than the one operated by the defendant, nor is there any admissible inference even that the witness referred to any other railroad, or that the parties or the court were in any way misled by the want of accuracy in the expressions of witnesses.

We are asked to affirm the judgment with damages, but decline to do so. When the plaintiff can,

by a little additional care at the trial discourage the defendant's appeal on purely technical grounds, and fails to do so, he is not in a position to obtain an affirmance of the judgment with damages.

Judgment affirmed. All concur.