## DAGES v. BRAKE.

1. REPLEVIN — DESCRIPTION OF PROPERTY — ABBREVIATIONS — JUDICIAL NOTICE—PAROL EVIDENCE—QUASHING PROCEEDINGS.
    Where goods taken on a writ of replevin are described in the writ by words and abbreviations which have a well-understood meaning among those who deal in such goods, but which are not in such common use as to make them subjects of judicial notice, parol testimony is admissible to explain such meaning. Hence, it is error for the court to quash the writ on preliminary motion, for insufficiency of description, in a case susceptible of proof of this character.

2. SAME—WRIT OF ERROR—BILL OF EXCEPTIONS.
    Where the affidavit, writ, and declaration in replevin were quashed on motion, before any issue was joined, for an alleged insufficient description of the property, it was not necessary to file exceptions and frame a bill of exceptions in order to present the question for review on writ of error.

Error to Sanilac; Beach, J. Submitted October 3, 1900. Decided October 31, 1900.

Replevin by John W. Dages and William H. Andrews, survivors of themselves and John Dages, deceased, copartners as Dages, Andrews & Co., against Forest B. Brake. From an order quashing the writ, plaintiffs bring error. Reversed.

*James A. Muir*, for appellants.

*William H. Aitkin* and *John H. Farley*, for appellee.

HOOKER, J. The plaintiffs' writ of replevin contained the following description of articles constituting the subject of the action, and, with a few slight inaccuracies, the articles described in the affidavit attached to the writ and the declaration were the same.

| Number. | Pairs. | | | | | |
|---|---|---|---|---|---|---|
| 29 | 6 Woman's Dong. Polish | 3½ to 6's | at | $1.50 | ------ | $9 00 |
| 681 | 12 Child's Dong. Pol. | 8½ to 12 | at | .75 | ------ | 9 00 |
| 411 | 12 pair Misses' Dong. Pol. | 12's to 2's | at | .90 | ------ | 10 80 |

—And other similar items. A portion of the goods only were taken under the writ, as shown by the inventory. After the declaration was filed, the defendant made a motion to quash the affidavit, writ, declaration, and all proceedings, for the reasons:

"1. That the affidavit, writ, and declaration do not describe any goods and chattels.

"2. That said writ of replevin does not sufficiently describe the property to be replevied.

"3. That said declaration does not describe the property as mentioned in said writ."

The motion does not refer to any affidavit or paper as a basis, but copies of the affidavit, writ, and declaration were attached, and we will therefore assume it to have been based upon the record. We find in the printed record affidavits made by the defendant and his attorney that no other writ or declaration had been served, and we will assume that to be true.

Upon the hearing of this motion the proceedings were quashed. Subsequently plaintiffs asked the court to vacate the order, and to permit an amendment to the writ and declaration by the insertion of the words, "Footwear, consisting of boots, shoes, and slippers, as follows," immediately before the list. This motion was based upon the files and records and affidavits attached. The latter show that the defendant purchased the articles in question from the plaintiffs, who were shoe dealers, that said purchase was fraudulent, and that defendant received said goods by an invoice which described them in the identical terms used in the writ, and that the defendant aided the sheriff in identifying said goods at the time he took them under the writ. It is also shown that such goods have a settled description known and used by the trade in conformity to

said writ. This motion was denied, and the case is before us upon error. The errors assigned are:

1. In rendering judgment for the defendant.
2. In sustaining the motion to quash for the reasons set forth in the motion.
3. In denying the application to amend.
4. In confirming the motion to quash.

There is really but one question in the case, and that is whether the writ and other papers contain a valid description of the property sought to be replevied. We cannot take judicial notice that the words and abbreviations used have a well-understood meaning with those who have to do with such articles. There are abbreviations in such common use that courts take judicial notice of their meaning, and determine it without proof. *Glenn* v. *Porter,* 72 Ind. 525; *Belford* v. *Beatty,* 145 Ill. 414 ( 34 N. E. 254); *Keith* v. *Sturges,* 51 Ill. 142; *Salisbury* v. *Shirley,* 66 Cal. 223 (5 Pac. 104); *United States Express Co.* v. *Keefer,* 59 Ind. 263; *Frazer* v. *State,* 106 Ind. 471 (7 N. E. 203); *South Missouri Land Co.* v. *Jeffries,* 40 Mo. App. 360; *Moseley's Adm'r* v. *Mastin,* 37 Ala. 216. See *Ripley* v. *Case,* 78 Mich. 126 (43 N. W. 1097, 18 Am. St. Rep. 428), where the court took judicial notice that the abbreviation "M. C. R. R." is the recognized name of the Michigan Central Railroad. There are others perhaps none the less certain in their meaning, to those who understand them, than those involved in the cases cited, but which are not in such common use as to make them the subjects of judicial notice, but which, nevertheless, are susceptible of proof, and parol testimony is admissible to explain such meaning. *Barry* v. *Coombe,* 1 Pet. 653; *U. S.* v. *Hardyman,* 13 Pet. 176; *Shattuck* v. *People,* 5 Ill. 477; *Rowley* v. *Berrian,* 12 Ill. 200; *Sheldon* v. *Benham,* 4 Hill, 129 (40 Am. Dec. 271); *Collender* v. *Dinsmore,* 55 N. Y. 200 (14 Am. Rep. 224); *De Lavallette* v. *Wendt,* 75 N. Y. 579 (31 Am. Rep. 494); *Barton* v. *Anderson,* 104 Ind. 578 (4 N. E. 420); *Hite* v. *State,* 9 Yerg. 357.

While it is possible that an alleged description may be void because it does not describe anything, that cannot be said of every description where a court may· not understand the meaning of the term used. If it actually does stand for something, and is so known and understood by the parties, it is enough; and this should not be determined and the proceedings quashed upon a preliminary motion, without an opportunity being given to show such fact. Indeed, in such case it may raise a proper question of fact for a jury. . Cobbey, Repl. § 554.

It is obvious, therefore, that the question should not have been summarily disposed of on motion. The writ states that "the following goods and chattels," naming them as above, are detained by the defendant. The court should not assume that these abbreviations are not lawful names for such goods and chattels, especially where it can be proved that they have been bought and sold under such names. It is held in many cases that a description is sufficient if it can be made definite by pointing out the property. Cobbey, Repl. § 547; *Farwell* v. *Fox*, 18 Mich. 166; *Sexton* v. *McDowd*, 38 Mich. 148; *Bolton* v. *Nitz*, 88 Mich. 357 (50 N. W. 291). These decisions presuppose an opportunity to make the description definite by proof, and necessarily preclude the quashing of the writ upon preliminary motion in a case plainly susceptible of proof. This is not the first time that such descriptions as these have been used. See *Reeder* v. *Moore*, 95 Mich. 594 (55 N. W. 436). In that case, however, the chattels were otherwise designated. It was erroneous for the court to quash this writ upon motion.

Counsel for the appellee offer several technical objections to the consideration of this question, but we think they should not prevail. The first and second assignments of error show that the decision of the motion to quash was complained of, and the record shows that nothing was involved in that motion but the sufficiency of the description (substantially identical in all the papers) upon the face of the record. The case is ruled by *Conely* v. *Dud-*

*ley*, 111 Mich. 122 (69 N. W. 151). Error affirmatively appears upon the record.

Again, it is urged that there are no exceptions, and that no bill of exceptions is returned. It is not a case where exceptions and a bill of exceptions are required. There was no trial; not even an issue was joined. The writ brings up the files and journal entries, and if from these error appears it is sufficient.

The judgment is reversed, with costs, and the record will be remanded for further proceedings.

The other Justices concurred.