## THE STATE OF INDIANA v. WHITENECK.

[No. 21,731. Filed October 31, 1911.]

1. CRIMINAL LAW.—*Bills of Exceptions.—Instructions.—Appeal.*—Instructions in a criminal case cannot be brought into the record on appeal by including them in the bill containing the evidence. p. 407.

2. CRIMINAL LAW. — *Evidence. — Abbreviations.—"Jos." for "Joseph."—Forgery.*—In a prosecution for forging a receipt signed by "Jos. H. Rees," evidence is admissible showing that "Joseph H. Rees" executed the receipt and that he customarily signed his name by abbreviating his Christian name, though the indictment did not charge that they were the same person. pp. 407, 409.

3. INDICTMENT.—*Abbreviations.—Evidence.—Variance.*—An indictment using a common abbreviation for a Christian name instead of the full name is not bad for that reason; and evidence that the person was usually known by the abbreviated name, or commonly used such abbreviated name, sustains the indictment. p. 408.

4. FORGERY.—*Uttering False Receipts.—Indictment.*—An indictment charging that defendant unlawfully, feloniously, falsely and fraudulently raised, changed, defaced and altered a certain receipt for money purporting to have been executed by another with intent to defraud certain persons, is sufficient. p. 409.

From Wabash Circuit Court; *Alvah Taylor*, Special Judge.

Prosecution by The State of Indiana against Ora Whiteneck. From a judgment for defendant, the State appeals. *Reversed.*

*James Bingham*, Attorney-General, *Frank B. Carpenter*, Prosecuting Attorney, *A. G. Cavins, E. M. White* and *William H. Thompson*, for the State.

MYERS, J.—Appellee was indicted in three counts. The first charged that he did then and there unlawfully, feloniously, falsely and fraudulently, raise, change, deface and alter a certain instrument in writing, commonly called a receipt for money, purporting to have been made and executed by "Jos. H. Rees" to Ora Whiteneck, as a receipt for $280.

The alleged form of the instrument after alteration, which was for $280, and the alleged altered receipt, which was for $80, both otherwise identical and purporting to be "on contract of Wm. Reeves Ditch," are set out. It is alleged that appellee fraudulently changed and altered the genuine receipt, with intent then and thereby feloniously, falsely and fraudulently to defraud said Jos. H. Rees.

The second count is the same as the first, except that it charges that the alteration was made with intent then and there and thereby feloniously, falsely and fraudulently to defraud Thomas G. Berry, James F. Morris and the Summitville Drain Tile Company; that said Thomas G. Berry and James F. Morris, who were then and there members of said Summitville Drain Tile Company, were then and there on the bond of said Jos. H. Rees for the construction of a certain drain known as the William Reeves Ditch; that said Ora Whiteneck was then and there the duly appointed and acting superintendent of construction of said drain, and as such superintendent had let the contract for the construction of said drain to said Jos. H. Rees; that the Summitville Drain Tile Company is a duly organized and incorporated company doing business by virtue of and under the laws of the State of Indiana, and as such furnished the tile that went into the construction of said ditch; that said Jos. H. Rees left the State of Indiana before he had completed the construction of said ditch, so it became necessary for the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris to complete the construction of said ditch; that it therefore became incumbent on said Ora Whiteneck, as superintendent of construction of said ditch, to pay the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris the remainder of the contract price that he, said Ora Whiteneck, had not already paid to said Jos. H. Rees, the original contractor, when the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris demanded of said Ora Whiteneck the money that was

due to them for completing said ditch, and for tile furnished for said ditch; that Ora Whiteneck claimed that he had paid to said Jos. H. Rees money that said Summitville Drain Tile Company, Thomas G. Berry and James F. Morris claimed was due to them as aforesaid; that Ora Whiteneck also claimed that the aforesaid receipt for money was evidence of part of said money so paid to said Jos. H. Rees by said Ora Whiteneck, and that he did not owe the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris the amounts they so claimed, because of said receipt aforesaid. The grand jury charge that said Ora Whiteneck did then and there raise, change, deface and alter said receipt for money, with intent then and there and thereby feloniously, falsely and fraudulently to defraud the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris.

The third count is the same as the second, except that it charged that as commissioner of construction of the drain, appellee, on November 19, 1909, filed his current report in the Wabash Circuit Court, in which he claimed credit for the sum of $280, as having been paid Rees, and did publish as true and genuine said false, defaced and altered receipt, with intent to defraud the Summitville Drain Tile Company, Thomas G. Berry and James F. Morris, well knowing it to be false, raised, changed, altered and defaced.

The second and third counts were quashed on motion, and the cause was submitted to a jury for trial on the first count. On the trial the prosecuting witness testified that his name is Joseph H. Rees; that he usually signed his name "Jos. H. Rees," and has been writing it that way for many years; that his home is in Marion, Indiana; that he always votes there, but is out of the county part of the time; that he contracted with appellee, as superintendent of construction, to construct the William Reeves Ditch; that appellee paid him at various times for the work, and on October 17, 1908, paid him $80 by a check, and the witness gave him a receipt for

that amount on the same date, and he identified the signature on the receipt set out in the indictment, and it was by defendant conceded to be the same. The State then offered the receipt in evidence, and the defendant objected, for the reason that there was no allegation that Joseph H. Rees the witness, and "Jos. H. Rees" as shown by the receipt, and as alleged in the indictment, were identical, and that the indictment contained no allegation of such identity, nor that the Christian name of "Jos. H. Rees" was unknown to the grand jury, nor that Joseph H. Rees was the person meant and intended as the person charged in the indictment, and that his testimony that his name is "Joseph" constitutes a fatal variance. This objection was sustained by the court, and the State excepted, and the court charged the jury to return a verdict of not guilty.

Errors are assigned on the ruling on the motion to quash the second and third counts, in excluding the receipt signed "Jos. H. Rees," and in sustaining the motion to instruct the jury to return a verdict of not guilty.

The last alleged error cannot be considered, for the reason that the alleged instruction is embraced in the bill of

1. exceptions containing the evidence, which it has been held cannot be done. *Curless* v. *State* (1909), 172 Ind. 257, and cases cited.

As to the exclusion of the receipt signed "Jos. H. Rees," we think the court was in error. "Jos." is a recognized and accepted abbreviation of "Joseph" by all lexicog-

2. raphers. "Thos." has been judicially held an acknowledged abbreviation of "Thomas." *Studstill* v. *State* (1849), 7 Ga. 2; *Commonwealth* v. *O'Baldwin* (1869), 103 Mass. 210. The same thing was held as to "Jas." for "James" (*People, ex rel.,* v. *Tisdale* [1843], 1 Doug. [Mich.] 59, 65; *Stephen* v. *State* [1852], 11 Ga. 225, 241); as to "Jack" and "Jock" for "John" (*Walter* v. *State* [1886], 105 Ind. 589); "McKusick" for "Mac Kusick" (*State* v. *Kean* [1839], 10 N. H. 347, 351, 34 Am. Dec. 162); "Rich"

for "Richard" (*State* v. *Dodson* [1881], 16 S. C. 453);
"Wm." for "William" (*Linn* v. *Buckingham* [1838], 2 Ill.
451).

An indictment wherein the prosecutrix was named as
Susanna, where her popular name was Susan, was held suf-
ficient. *State* v. *Johnson* (1872), 67 N. C. 55. See, also,
*Trimble* v. *State, ex rel.* (1837), 4 Blackf. 435.

The rule, as we conceive it to be, is that an indictment
that gives a popular, or commonly used, abbreviation of a
Christian name, as distinguished from a proper or
3.   true name, is not bad, and that it is sufficient to sus-
tain an averment of a particular name, that the party
is usually or popularly known by such name, or a common
abbreviation is used, which is accepted by the party. *Rex* v.
*Williams* (1836), 7 C. & P. *298; *Regina* v. *Toole* (1857), 40
Eng. L. & Eq. 583; *State* v. *France* (1809), 1 Tenn. 434;
Wharton, Crim. Ev. (9th ed.) §95; 29 Cyc. 269; *State* v.
*McEwen* (1898), 151 Ind. 485, and cases cited. See, also,
*Drake* v. *State* (1896), 145 Ind. 210; *Rudicel* v. *State* (1887),
111 Ind. 595; *Frazer* v. *State, ex rel.* (1886), 106 Ind. 471;
*Fenton* v. *State* (1885), 100 Ind. 598; *Myers* v. *State* (1884),
93 Ind. 251; *United States Express Co.* v. *Keefer* (1877), 59
Ind. 263; *Eagan* v. *State* (1876), 53 Ind. 162; *West* v. *State*
(1875), 48 Ind. 483; *Girous* v. *State* (1867), 29 Ind. 93;
*Jackson* v. *State* (1862), 19 Ind. 312; *Conaway* v. *Hays*
(1844), 7 Blackf. 159; *Taylor* v. *Commonwealth* (1871), 20
Gratt. 825; *McBeth* v. *State* (1871), 50 Miss. 81; *Gardiner*
v. *People* (1866), 6 Parker Cr. 155; *Bell* v. *State* (1860), 25
Tex. 574; *Owen* v. *State* (1879), 7 Tex. App. 329; *Common-
wealth* v. *Trainor* (1877), 123 Mass. 414; *City Council* v.
*King* (1828), 4 McCord *487; *Fenton* v. *Perkins* (1832),
3 Mo. 144; *Birch & Haden* v. *Rogers* (1833), 3 Mo. 227;
*Weaver* v. *McElhenon* (1850), 13 Mo. 89; *Gordon's Lessee*
v. *Holiday* (1805), 1 Wash. C. C. 285, Fed. Cas. No. 5,610;
*Dages* v. *Brake* (1900), 125 Mich. 64, 83 N. W. 1039, 84 Am.
St. 556; *Estate of Lakemeyer* (1901), 135 Cal. 28, 66 Pac.

961, 87 Am. St. 96; *Lanfear* v. *Mestier* (1866), 18 La. Ann. 497. 89 Am. Dec. 658; *Power* v. *Bowdle* (1893), 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. 511; *Reddick* v. *State* (1889), 25 Fla. 112, 5 South. 704.

The only material distinction is, that it is not shown that the witness was popularly known and called "Jos. H. Rees," but it is shown that he had adopted that style of signature, and it does not appear that he was known commonly or popularly by any other. The variance was immaterial. Courts judicially know the meaning of abbreviations in ordinary use. *Hedderich* v. *State* (1895), 101 Ind. 564, 51 Am. Rep. 768; *Kearns* v. *State* (1834), 3 Blackf. *334.

The objection is too technical; certainly so in view of the provisions of §§2062, subds. 4 and 5, 2063, subd. 10, Burns 1908, Acts 1905 p. 584, §§191, 192; *Kruger* v. *State* (1893), 135 Ind. 573.

We have not been favored by a brief from appellee, and while the second and third counts are not grammatically well constructed, we perceive no element lacking to constitute a valid charge of altering, changing and defacing the receipt, with felonious intent to defraud, and a valid charge of uttering as genuine, a false, altered, changed and defaced receipt, knowing it to be such, with felonious intent.

The appeal is sustained as to the question of rejecting the receipt. The court also erred in sustaining the motion to quash the second and third counts of the indictment, and the cause is remanded to the court below, with direction to overrule the motion to quash the second and third counts, and for further proceedings in accordance with this opinion. The costs are adjudged against appellee.