### FREEMAN v SHAW.

1. Appeal and Error—Briefs—Supreme Court Practice.

Briefs of appellant and appellee in this court should contain a statement of the facts, distinct from argument, and should inform the court as to the issues of law and of fact as they arose upon the trial. Supreme Court Rule 40.

2. Parent and Child—Assumpsit by Parent.

On the trial of an action brought by the father for earnings of his infant son, who had died, the value of the boy's services *prima facie* belonged to plaintiff, and in the absence of decedent's testimony, and under conflicting evidence, the court could not determine that the son had been emancipated, as a matter of law.[1]

3. Same—Master and Servant—Evidence.

The employer should have been permitted to show what relations existed between the minor and his father, whether he was denied a place at home, so as to be compelled to seek outside shelter, whether existing relations were such as to indicate that the father did not expect to be paid for the labor, and knew the surrounding circumstances; it was competent to cross-examine the parent to show that he was needy, and to inquire his reasons for not having demanded the infant's wages.

[1] On the question of the parent's right of action at common law for loss of services of minor child whose death is caused by negligence, see note in 18 L. R. A. (N. S.) 316. .

4. SAME—ADMISSIONS.

Admissions made by the father to others, tending to show what the arrangement with defendants had been, were admissible.

5. SAME—PAYMENT—INFANTS.

Where defendants made gifts, at various times, of clothing and small sums of money to the minor, whose parents had removed to another locality and made no provision for the boy, nor took any interest in discovering what he needed, credit should have been allowed therefor, though one defendant testified that he gave them to deceased.

Error to Kent; Cogger, J., presiding. Submitted October 15, 1912. (Docket No. 71.) Decided December 17, 1912.

Assumpsit by William H. Freeman against Nelson A. Shaw and another for the value of services rendered by plaintiff's minor son. Judgment for plaintiff. Defendants bring error. Reversed.

*T. B. Taylor* and *Chas. A. Watt*, for appellants.

*Rodgers & Rodgers*, for appellee.

OSTRANDER, J. In justice's court plaintiff declared on the common counts and specially for work and labor of his minor son. His bill of particulars was:

"Personal work and labor of Claude Freeman, minor son of said plaintiff, from March 1, 1910, to April 11, 1911, 58 weeks at $4 per week, $232."

On appeal from the judgment of the justice, the cause was tried with a jury. A verdict was returned for plaintiff for $182.50, upon which a judgment was entered.

The brief of appellants does not contain a clear and concise, or any considerable, statement of the facts of the case, distinct from argument, of the errors relied upon, the questions involved, and the manner in which they are raised. The court is not at all advised, in the statement furnished, about the issues it is called upon to determine. The brief for appellee treats the statement as presenting

mainly the facts as appellants claim them to be, and thereupon a statement is made presenting that portion of the testimony favorable to appellee. Both statements utterly fail to inform the court concerning the issues of fact and of law raised upon the trial. It is needless to say that neither brief conforms to the requirements of Rule 40 of this court, and neither furnishes to the court the assistance which it is entitled to have.

In argument, appellants contend that the court should have directed a verdict in their favor, and the contention is based upon the proposition that the testimony conclusively establishes the fact that the son of plaintiff had been emancipated by his parents. Upon this subject, the son having died shortly after April 11, 1911, his testimony was not available.

We are of opinion that the court could not have properly determined the question as one of law. *Prima facie* the earnings of an infant son belong to the father. *Reeder* v. *Moore*, 95 Mich. 594 (55 N. W. 436). Testimony given by the plaintiff tended to prove that defendants promised the father to pay for the work of the boy, that no price or wage was agreed about, and no express promise to pay the father was made. The testimony of the mother is that defendants said they would pay the boy wages. The boy was in his sixteenth year. Neither parent ever asked that the wages be paid to them until after the death of the son, and neither appears to have inquired about how much money was paid to him or about the value of clothing which was furnished to him by defendants. Testimony was also introduced which tended to prove that the father, the plaintiff, understood that the boy was not hired and was not regularly employed by defendants; that his work was intermittent; and that he could depend upon receiving no more than his board and a place in the barn to sleep. In this connection, it is proper to consider various errors assigned upon rulings admitting and rejecting testimony.

Appellants should have been permitted to show, and

were not, the relations existing between the boy and his parents, and whether he was, in fact, denied a place at home and obliged to seek shelter and maintenance elsewhere; whether, in fact, the existing relations, including the one that the boy, to the knowledge of his father, received clothing and money from defendants, were such as to indicate that the father did not expect to be paid for his labor.

The weight of such testimony would, of course, be for the jury, and in determining its weight they should have had the aid of admissions of the father and his statements to others, if he made any, regarding the arrangement with defendants.

It was proper to discover from the father, upon cross-examination, whether during the period that the son was with defendants he was himself needy, and his reasons for not demanding the wages of his son. Upon this record, it seems very doubtful that, whatever the boy may have earned, any one understood the father claimed, or would claim his wages.

Considering the age of the boy and testimony of his previous earnings and the disposition made of them in connection with the *prima facie* right of the parent to whatever he earned, it cannot be said there was no testimony to support a verdict for the plaintiff. But appellants were too strictly limited in cross-examination.

Error is assigned upon remarks made in argument by the attorney for appellee. No ruling was asked for, or was made, upon the exceptions which were taken, and no request to charge upon the subject was preferred. The court, without criticising counsel, made reference to the arguments in the charge, advising the jury that the case should be decided according to the evidence. As the judgment must be reversed, it is proper to say that the remarks of counsel for appellee were prejudicial, calculated to obscure the issues submitted to the jury, and, if properly objected to and ruled upon adversely to appellants, the ruling would have constituted reversible error.

The charge of the court was a fair one, and was especially clear in presenting the issues and applicable law and happy in the language employed. It is open to one criticism which is made by counsel, and that relates to the subject of the proper allowances to be made to defendants if the jury found the boy had not been emancipated. The court permitted the jury to credit defendants with the value of necessaries furnished by them to the boy as they found the facts to be. Upon the subject of money given to the boy by defendants, the court said:

"Now, there is a claim here that they gave the boy some money, didn't keep any record of it, didn't charge it to them, didn't keep track of it, gave him five cents, ten cents, or some other sum. Now, gentlemen, if they gave it to him, made him a present of it, they would not be entitled to receive any credit for it because it would not apply upon his wages."

Nothing more was said upon the subject. If, with the knowledge and consent of the father, defendants gave the boy small sums of money from time to time, without objection, no good reason is perceived for refusing them credit therefor. It is true, of course, as a general proposition, that, if the lad had not been emancipated, his father, and not he, would have the right to control the disposition of his wages, because they belonged to the father. It is also true that one of the defendants testified that whatever money and clothes he gave the boy were gifts, not pay. He also testified that defendants did not hire the boy, and under the charge of the court the jury may have found this to be the fact and found an implied undertaking to pay wages. Counsel for plaintiff conceded that an allowance ought to be made for clothing, and while it may not be generally true that money, as such, is a necessary, still, if the father knew of the furnishing of money, or knew that circumstances were such that some money must be furnished, made no provision himself, and no objection to the provision made by defendants, they should be allowed (of course, upon evidence)

for reasonable money provision. We find no testimony in the record tending to prove that this plaintiff, father, who had removed himself and wife to another locality, made, or interested himself in discovering the necessity for making, any provision whatever for his son, whose wages he now claims.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and STEERE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.