Bass *v.* Pierce.

---•••---

## BASS *vs.* PIERCE.

Although an *agister* of cattle has no *lien* for the keeping of the animals, unless it is so expressly agreed, yet he may maintain trespass or trover against a stranger, for taking them away.

Where the plaintiff was hired by the owner of a cow, to pasture her, the owner having the use of her for his family, and driving her from the pasture to his house at night, for milking, and returning her to the pasture in the morning; *Held* that while the cow was in the pasture, in pursuance of the agreement, the plaintiff was to be regarded as an *agister*, and could maintain trespass against a stranger for taking her out of his possession.

THIS action was commenced before a justice of the peace of Monroe county. The plaintiff complained against the defendant for breaking and entering the plaintiff's close and carrying away a cow in the plaintiff's keeping. The defendant put in an answer denying the allegations in the complaint, and asserting a right to the cow, by virtue of a chattel mortgage. The issue was tried by a jury, who found a verdict for the plaintiff for $30, and from the judgment rendered thereon, by the justice, the defendant appealed to the county court. That court reversed the judgment of the justice, and the plaintiff appealed. On the trial before the justice it appeared that the cow belonged to the wife of Charles Gould, on the 19th of April, 1852, having been given to her by her father, the plaintiff; and that she was, on that day, mortgaged to the defendant Pierce, together with other property, by Charles Gould. The other material facts are related in the opinion.

*E. A. Hopkins,* for the appellant.

*D. L. Angle,* for the respondent.

*By the Court,* JOHNSON, J. It is not material in this case whether Charles Gould or his wife was the owner of the cow in question, as the evidence shows quite clearly that neither gave consent to her being put into the mortgage when it was executed. And besides, if there was any dispute about the fact, the verdict of the jury must be regarded as having settled the question. The case turns wholly, as I think, upon the question, whether or not the plaintiff was an agister of the animal. The evidence shows that the plaintiff was hired by Gould to pasture the cow at two shillings and sixpence per week; that while she was so pastured Gould had the use of her for his family, and drove her from the pasture to his house at night, for milking, and back to the pasture in the morning. The defendant took the cow from the plaintiff's field after she had been put in by Gould. We are to regard this contract between the plaintiff and Gould as one for the pasture of the cow in the daytime only, as it is clear from the evidence that the plaintiff had no charge or custody of the animal at any other time. An agister is one who takes the cattle of another into his own ground to be fed for a consideration to be paid by the owner. (1 *Bouv. Law Dic.* 94, *tit. Agistment.*) An agister does not insure the safety of cattle, but is liable for ordinary neglect. For instance, if he leave, his gates open or fences down and in consequence of such neglect the cattle stray away and are lost or stolen, he will be responsible for the loss. (*Story on Bail.* § 443.) I think it is clear that the plaintiff was an agister of the animal through the daytime. He was not the servant of Gould, nor did the latter hire the land. But the plaintiff was hired to pasture the animal for a stipulated price, and would undoubtedly under his contract to pasture have been liable, as bailee, for negligence while she was thus upon his premises. It is supposed by the defendant's counsel that the fact of Gould's taking and keeping the cow at night is conclusive evidence that the

Bass *v.* Pierce.

plaintiff was not bailee. He certainly was not bailee while Gould had possession, nor answerable as such. But while the cow was in the plaintiff's pasture, under the agreement, and in pursuance of it, it seems to me he must be regarded as an agister. It seems to be settled that an agister has no lien for the keeping of the animals unless it is so expressly agreed. (*Grinnell* v. *Cook,* 3 *Hill,* 485, *and cases there cited.*) But all the authorities agree that he may maintain trespass or trover against a stranger, for taking them away. The question of a lien has nothing to do with the right of action against a stranger.

The objection to Mrs. Gould as a witness was properly decided by the justice.

The offer to prove by Gould that he had sold the cow to Vosburgh, after the taking, if improperly rejected could not have changed the result, as Gould had before the offer was made, upon the defendant's cross-examination, expressly sworn that he did not consent to the sale to Vosburgh, and Vosburgh himself was fully examined upon that question.

It does not appear from the return upon what ground the objection to the fact offered to be proved by the witness Gould, on being recalled by the defendant, was placed and sustained. For aught that appears it may have been upon the ground that he had once been examined on the same subject. Where the grounds of the objection and the ruling are not disclosed, the court will presume they were placed upon the proper grounds, if such exist, to sustain the ruling.

I am of opinion that the judgment of the county court should be reversed, and that of the justice affirmed.

Judgment accordingly.

[MONROE GENERAL TERM, December 5, 1853. *Selden, Johnson* and *T. R. Strong,* Justices.]