## Emanuel H. Van Baalen v. Horace M. Dean and others.

*Replevin: Possession: Title in third person: Trespassers.* One from whom chattels have been taken by mere trespasseis while he was in peaceable possession and holding subject to claims of persons other than the defendants, can maintain replevin.

*Possession: Strangers: Outstanding title.* One in the sole and peaceable possession of goods, not as an intruder, trespasser or wrong-doer, but as owner, either of the whole, or some special property in them, has a valid title as against all mere strangers, which they cannot defeat by showing an outstanding title in some third party.

*Replevin: Evidence.* In an action of replevin parol evidence that at the time the goods were taken from the plaintiff he was served with an attachment against a third person and in favor of the defendants, without any proof of the process or proceedings in attachment, is insufficient to prove that the goods were in the custody of the law when the replevin suit was brought.

*Question of fact.* Under the evidence in this case the question whether the plaintiff's brother was part owner with him of the property, was one of fact for the jury, and it was error, therefore, for the court to determine it.

*Heard April 11.   Decided April 22.*

Error to Wayne Circuit.

*Trowbridge & Atkinson,* for plaintiff in error.

*Moore & Griffin,* for defendants in error.

Graves, J. .

The plaintiff sued the defendants in replevin before a justice of the peace and recovered.

The defendants then appealed to the circuit court, where the jury, under express instruction so to do, found in their favor; and judgment having been entered on the verdict, the plaintiff now asks a revision of the proceedings on writ of error and bill of exceptions.   If the evidence tended to make out a *prima facie* case for him, the result was wrong. If it came short of that, it was correct.   The articles in dispute were pictures, gilt frames, a mirror, a marble slab, and curtain cords and hooks.

The case went to the jury on the sole testimony of the plaintiff, and he testified in substance that the articles were in his possession in his dwelling house in Detroit; that the defendants entered his store and inquired for the goods, and then passed up stairs where he lived, and took them away, whereupon he replevied them in this case.     He also testified that at the time of the taking the defendants served upon *him* a writ of attachment in their favor against *George Gifford*; that he purchased these articles of Mrs. Gifford, and made the purchase in his business of dealing in second-hand clothing and furniture; that his brother was, and had been for two years, a partner with him in this business, and that the property was paid for out of the partnership funds, but that these goods were separated from others bought of Mrs. Gifford, and sent up stairs into his dwelling, and were mostly intended for his own use; that since the institution of this suit he had sold the pictures in the course of his business, but had kept the remaining articles in his house; that his dwelling was unconnected with the partnership, and was his own.     He further stated that the goods were bought by him of Mrs. Gifford at her residence in Detroit, where she had been living with her husband, and that he supposed she was married, and understood she was about to join her husband, who had gone away a few days before.

Upon this evidence the defendants in error claim, *first*, that replevin was not maintainable because the goods were in the custody of the law under an attachment against George Gifford; *second*, that the plaintiff failed to show title in himself; and, *third*, that he failed to show his right to possession, because, if he had any right, it was a joint one with his brother.

I think the evidence tended to make out a complete cause of action in the plaintiff and did not involve any thing which was necessarily sufficient to defeat it.     The defendants are not shown to have had any right whatever to intermeddle with his possession, or, indeed, to interfere with

the goods as against any one.    For aught that appears, they were mere trespassers, and not only in no situation to question his right, but were without authority to meddle with the goods, even if they still belonged to Mr. Gifford.

The process against Gifford, which the plaintiff says was served upon himself, was not put in evidence, and no proof of any kind was made of attachment proceedings against Gifford.    There is not even oral evidence of the steps in an attachment case, or of any levy, or of the existence of proceedings which could have authorized one.    There is, therefore, no room for any question founded upon the existence of such proceedings.    If it was competent for the defendants in the position they held to defend upon the ground that the plaintiff's brother was part owner, it was still a question for the jury on the facts shown, under suitable instructions, whether the brother was or was not such part owner, and not a matter to be ruled by the court.    The evidence favoring the defendants' view upon that point was very far from being conclusive, and no reasonable construction would warrant a refusal to submit it to the jury if considered competent by way of defense. We have seen, however, that the court did not allow the jury to pass upon the point at all.    But it appears to me that in the apparent situation of the parties, and upon the facts as disclosed in the bill of exceptions, there was no foundation for the suggested defense, and for two reasons: *First*, the plaintiff was in actual possession, either as absolute owner, or as one peaceably holding subject to claims of persons other than the defendants.    If he held in the first mode, his right was unquestionable.    If he held in the second, he had a special property (*Broom's Com., 802*), and was entitled by such possession and property to maintain as against the defendants, who showed no right at all to the possessory remedy given by replevin.    *Second*, I think it may be laid down as a rule of law that where one is in the sole and peaceable possession of goods, not as an intruder, trespasser, or wrong-doer, but *as* owner, either of

the whole property in them or of some special property, he has a valid title as against all mere strangers; and that any one who, without any right or title, takes them away from him is a wrong-doer, and cannot retain his grasp and preclude a recovery of the possession by showing a possible or actual outstanding right or interest in some third party. —*Broom's Com., 801–802.*

If correct in this view, it follows that the court erred in directing a verdict for the defendants, and that the judgment should be set aside, with costs, and a new trial ordered.

The other Justices concurred.