BARTELS et al. *v*. ARMS.

1. One acting as a general agent under a power of attorney, and being in possession of chattels secured to his principal by mortgage, has such special property in the chattels as will enable him to maintain replevin therefor in his own name against one interfering with the possession under claim of title from the mortgagor.

2. In replevin, where the taking was wrongful, a demand previous to bringing suit is unnecessary.

*Appeal from District Court of Pueblo County.*

THIS was an action of replevin, brought by the appellee, John Arms, against Julius L. and Gustav Bartels, the appellants, to recover possession of a quantity of brick claimed and taken by the appellants from the appellee's

possession under a bill of sale from one Giles, to the appellants. The bill of sale bears date July 14, 1873. The brick claimed and taken were not in existence at that date, and their manufacture not begun until the 25th day of July, 1873. The declaration was in the *cepit* and *detinet*, and the pleas of *non cepit, non detinet*, property in the defendants and in several others, were interposed. The cause was tried at the June term, 1874, of the district court, before a jury. The appellee obtained a verdict upon which judgment was at the same term rendered in his favor, to reverse which this appeal is prosecuted. Further facts necessary to a full understanding of the case are stated in the opinion.

Mr. A. A. BRADFORD, and Mr. JAMES MACDONALD, for appellants.

Mr. WILBUR F. STONE, and Mr. H. C. THATCHER, for appellee.

A. W. STONE, J. On the 26th day of December, 1873, the appellee, as the agent of James R. Waldon, loaned to M. M. Giles $4,038.53, and took his note therefor, payable to Waldon, and a chattel mortgage on a quantity of brick belonging to Giles. Before the maturity of the note, on the 27th day of December, 1873, Giles executed a power of attorney to Arms, the appellee, authorizing him to take possession of, and sell the same brick mentioned in the chattel mortgage, and receive the money therefor.

On the 30th day of December, 1873, Giles put Arms in possession of the brick, being the same brick mentioned in the chattel mortgage, and Arms put one Robins in charge, who continued in possession of the same until dispossessed by the appellants.

On the 19th day of January, 1874, appellants took possession of the same brick, and commenced hauling them away. The evidence fails to show any right in the appellants to said brick. The important question, and in fact the only question in the case, is, whether the plaintiff, John

Arms, can maintain the suit. The title to the brick was unquestionably in Waldon; Arms was his agent, acting under a power of attorney, which gave him, in Waldon's name, the right to loan Waldon's money generally, and upon such security as he deemed proper, and to ask, demand, recover, and receive all moneys, dues and *effects*, due, coming or payable to him, to make all contracts, orders, writings and instruments requisite and proper to carry out the power.

We think it fairly deducible from this letter of attorney, that Arms had authority to sell any chattels received by him in the usual and necessary course of his business transactions for Waldon. It is one of the means necessary to accomplish the desired end—the return of the money loaned with its use; and in the absence of any proof to the contrary, the law would imply a promise on the part of Waldon to pay Arms what his services, in and about Waldon's business, were reasonably worth. The situation that Arms sustained to Waldon was not that of a mere servant, or naked bailee. It was more; he was the general agent of Waldon, to do whatever Waldon could do, relative to the matters intrusted to him, which was the lending of Waldon's money. And in the transaction of Waldon's business he rightfully acquired possession of the brick, and continued in such possession until interfered with by the defendants. He had a special property in the brick, by virtue of his possession, subject only to the claim of Waldon.

It is an elementary principle, that a general or special property in the goods taken is sufficient to maintain replevin. 1 Ch. Pl. 163.

What constitutes such a special property, as authorizes the right of action, is not wholly free from doubt.

It has been held that a mere servant who has charge of goods, as such only, cannot maintain the action; and that a receiptor to an officer, or a bailee, cannot maintain it. The reason assigned, is, that such a bailee has no special property in the goods; the possession of the servant being ex-

clusively that of his master, and the receiptor, that of the officer.

Possession of chattels is *prima facie* evidence of property, and the right to possession a right of property, as against all who cannot show a better title.

In the case of *White et al.* v. *Bascom et al.*, which was a suit involving a bailee's right of action for injuries to property in his possession, REDFIELD, C. J., says: "The general principle of law in regard to this point seems to us sufficiently settled. Ordinarily, one having possession of goods, even by finding or by tort, has a sufficient title to recover the value against a mere wrong-doer, or any one who undertakes to perform service about the goods, and fails in ordinary skill and diligence. This principle of law is of very long standing. The person who is guilty of tort, or who fails to perform his duty according to his undertaking, or the general obligation of his craft or position, cannot ordinarily dispute the title of him from whom he took or recovered possession. Naked possession is a sufficient title against all the world, except him who has a superior title, and the law will presume the possession either by finding bailment or mere tort, has the consent and title of him in whom resides the better right until he shall connect himself with the wrong-doer in some way. Until that, the wrong-doer must show a right to do as he has done. It is no justification to him to impeach the plaintiff's title. It is every day practice in the courts of common law for the bailee, who is not accountable over, to bring suits for any injury to the goods either by force or negligence." 28 Vt. 271.

It is held in Michigan, that when one is in the peaceable possession of goods, not as an intruder, trespasser or wrong-doer, but as owner, either of the whole property in them, or of some special property, he has a valid title as against all mere strangers ; and that any one, who, without any right or title, takes them away from him, is a wrong-doer, and cannot retain his grasp and preclude a recovery of the possession by showing a possible or actual interest

in some third party. *Van Baalen* v. *Dean*, 27 Mich. 104. An auctioneer who is the agent of the owner, to whom goods have been sent for sale, may maintain replevin therefor. *Tyler* v. *Freeman*, 3 Cush. 261. An agistor of cattle may maintain trespass or trover against a stranger for taking them away. *Bass* v. *Pierce*, 16 Barb. 595. In the note to the case of *Armery* v. *Delamirie*, 1 Smith's L. C. 596, the learned author, after a very extended review of all the cases in England and this country, says: "The weight of authority is, that a rightful possession proves and constitutes a sufficient right of property, to sustain trover or replevin against every one who takes or withholds chattels personal without having either the right of property or the right of possession; nor will evidence that the absolute right of property is in a third person be sufficient in replevin, any more than in trover, to rebut a right founded on a rightful possession. The contest in both actions is between the plaintiff and defendant, and the rights of third persons are immaterial, unless they operate directly or indirectly in those of the parties."

This right is not inconsistent with a co-existing right for the same cause in the general owner. Though both are entitled to sue, a recovery by either will be a bar to a subsequent action by the other.

We are of opinion that Arms had such a special property in the brick as will support this action.

The taking of the brick by the defendant being wrongful, no demand was necessary.

The judgment of the district court is affirmed, with costs.

*Affirmed.*