## D., S. P. & P. R. R. CO. *v.* FRAME.

(*Supreme Court Colorado, December Term, 1882—Appeal from Chaffee County Court*).

1. HUSBAND AND WIFE. The husband has a beneficial interest in the personal property (wearing apparel) of his wife, and may maintain an action therefor, or for their value, if lost by a carrier.

2. CARRIER CONCLUDED BY RECEIPT. A carrier having dealt with a person as the rightful owner of goods, and contracted to deliver them to him, will not be heard to say he is not entitled to sue on a breach of the contract.

3. SAME—MEASURE OF DAMAGES FOR GOODS LOST. In case of loss of goods for which a carrier becomes liable, the measure of damages is the market value of the goods at the point of destination. But this general rule is not applicable to every case—as to wearing apparel and household goods, which have no market value. In such case the value is to be fixed by considerations of cost and actual worth at the time of the loss, without reference to what they could be sold for in a particular market. Expert testimony of dealers in second-hand goods not competent to fix value in such case, on market valuation, against testimony giving real value.

STONE, J. Appellee sued the appellant company to recover for the loss of a box and contents delivered to the company for shipment over their road to Buena Vista. Appellee, in testifying, described each article contained in the box, from a list produced, and stated their value separately. The goods consisted of articles of wearing apparel for himself and wife, bedding, table ware, cooking utensils, and some carpenter tools; witness stated the cost price ten months previously, amounting to $372.60, and deducting $72.50 "for wear and tear."

Upon cross-examination, the appellee stated that certain of the goods, which he specified in detail, belonged to his wife as her individual property.

Appellant thereupon moved to strike out all evidence of the loss and value of such goods as were admitted by appellee to be the separate property of his wife. The motion was overruled, and this is made the ground of the first error assigned.

Counsel for appellant contends that, since the Code requires that all suits shall be prosecuted in the name of "the real party in interest," and since our statute confers upon married women the right to sue in respect of their separate property,

the same as if they were sole, no right of action accrued to the appellee in this case respecting the goods which were owned by his wife.

The contention cannot avail the appellant as a defense to the action.

The appellee had a special property in the goods, and a beneficial interest in the recovery therefor, which gave him a right to sue in his own name, the same as in an action of replevin for the possession, or in trover upon a conversion.

In this class of cases an agent or bailee may sue where he has a special property in the goods, or a beneficial interest therein. Angell on Carriers, Sec. 492.

To the extent of this interest, the appellee was a "real party in interest."

Besides, the bill of lading in evidence shows that the goods were shipped by the appellee in his own name; that he paid the freight therefor, and that the box was to be delivered to him at the point of destination. He was, therefore, both consignor and consignee, and appellant having dealt with him as the rightful custodian, cannot be heard to say that he is not entitled to sue on a breach of the contract.

Mr. Angell, in treating of the proper parties to sue as between consignor and consignee, on a contract of carriage, lays down the following summary of the law in such cases:

*First*—Where the entire property is in the consignor, he is the proper party to sue.

*Second*—Where the entire property is in the consignee, the latter sues.

*Third*—Where both are interested, one as general, the other as special owner, then either may sue. Angell on Carriers, Sec. 495.

And a recovery in such action, properly instituted, will be a bar to any subsequent action against the same defendant at the suit of another party having either a general or special property in the goods. Redfield on Carriers, Sec. 321.

In such case, "whichever first obtains damages, it is a full satisfaction." Ang. Car., Sec. 498; *G. W. R. R. Co.* v. *McComas*, 33 Ill., 185.

Where the consignor ships on a special agreement that he

pays freight, it is no answer, in a suit by him, that he is not the owner. Ang. Car., Sec. 500.

The carrier, as agent of the consignor, from whom it receives the property for shipment, is not at liberty to dispute the title of such consignor in an action brought by him. *G. W. R. R. Co.* v. *McComas, supra.*

The second and third assignments are based upon the same grounds, substantially, as the first, and are sufficiently answered by what we have thereon announced.

The questions presented by the other assignments of error arise upon the ruling of the Court in allowing certain questions to be answered by a witness, and disallowing others.

One Jonsen was called by appellant as an "expert" to testify as to the value of the lost goods. He stated that he was "a dealer in furniture and second-hand household goods," in Buena Vista, and knew the value of such goods at that point, in June, the month in which the goods in question were shipped.

The witness was then asked the following question:

"Supposing the overcoat mentioned in this list by the plaintiff, to have been made of good woolen stuff, bought new ten months ago, at a cost of fifteen dollars, and to have received the most careful usage since that time, that a laboring man bestows upon such goods, what would be its value in the market at Buena Vista in June last?"

An objection to this question was sustained by the Court, and this ruling is made the ground of the fourth assignment of error.

Although of little importance, considering that the trial was to the Court without the intervention of a jury, we think the question was improper.

The statement of the witness that he was a dealer in "furniture and second-hand household goods," was no evidence that he knew anything more about the value of clothing than the Court who was trying the case. More than this, there was no evidence that there was any "market" or "market value" whatever at Buena Vista for the property in question.

In case of loss of goods for which the carrier becomes liable, the general rule is, that the measure of damages is the value

47

of the goods at the point of destination (Sedgwick Meas. Dam., 356), but this general rule is not applicable in every case and to every class and species of personal property. The rule is more especially applied to goods shipped for sale in the ordinary course of commercial traffic, where a profit is expected to be realized from sale at the point of destination, over the cost price at the place of shipment.

As to certain other goods, such as wearing apparel in use, and certain articles of household goods and furniture, kept for personal use, and not for sale, while they have a real intrinsic value to the owner, may have little or no market value whatever, at the point of destination; they are not shipped as marketable goods; the market value of many such articles depends on style and fashion, irrespective of actual value for use; in some cases the owner may not be able to replace them in any market. In such cases the value is to be properly fixed by considerations of cost and actual worth at the time of the loss, without reference to what they could be sold for in a particular market, or hawked off for by a second-hand dealer, where they happened to be unladed.

The following question was then asked the witness:

"Please look at the list of goods, and examine the description and character of the same as mentioned in the list, and supposing those goods, as testified by the plaintiff, to have been purchased ten months ago at the prices mentioned in that list, and supposing them to have received the best of care, which a laboring man, in their use could bestow upon them, what depreciation in value would they have sustained at the end of that time?"

The question was objected to by appellee, and, the objection being overruled, the witness answered: "They would have depreciated at least fifty per cent. in value."

The appellant then "offered to prove by expert testimony" of this witness "that the goods mentioned by the plaintiff could not possibly have been packed in a box of the dimensions sworn to by the plaintiff;" and appellant further "offered to prove, by expert testimony, that the articles claimed by plaintiff to have been packed into that box would have

weighed at least four hundred pounds, instead of two hundred pounds, as shown in the shipping bill."

Both these offers were objected to by appellee, and the objections sustained, and the error predicated thereon constitutes the fifth and sixth assignments.

The testimony offered was wholly incompetent. Without an inspection of the box, and of the articles themselves, or knowledge of the size and weight of each, such an opinion could have had no value or weight whatever against the positive testimony of the appellee, that the box contained all of the articles mentioned in the inventory produced by him in Court. Even if such a question could be allowable under any circumstances, this witness was not shown to be an expert in weights and measures.

Upon cross-examination this witness testified that he never saw the goods in question; that he did not know whether they were bought in Canada or the United States, and the following question was then propounded:

"Supposing them to have been bought in Canada ten months ago, where there is no protective tariff, and brought from there to the United States, where such goods are worth more new, would you take off as much as fifty per cent. depreciation?"

The question was objected to by appellant, the objection overruled, and the witness then answered that: "If goods are cheaper in Canada than in the United States, the per cent. of depreciation ought not to be so much."

The ruling of the Court in allowing this question to be asked and answered is the seventh assignment of error.

There was no evidence before the Court that all the goods were purchased in Canada, and the question itself was not a proper one; but the testimony could not have prejudiced the appellant. The question was hypothetical, and the answer could but serve merely to qualify the answer of the same witness to the hypothetical question, put to him on his direct examination, respecting the per cent. of the depreciation in the value of the goods in the case supposed.

As to the eighth assignment of error, respecting the refusal of the Court to allow the defendant's offer of certain so-called

"expert" testimony, counsel for appellant argues in favor of the admissibility of the testimony offered, on the assumption that, the purpose of such testimony being to show the market value of the goods at Buena Vista, its rejection was error. Since we have, in considering the former assignments, already passed upon the question of market value at Buena Vista as affecting the measure of damages in this case, we need add nothing to what has already been said upon this point, further than to observe that, in all cases like this, the measure of damages is a matter of law to be decided by the Court (Sedgwick Meas. Dam., 604), and we see no error in the ruling of the Court upon this point sufficient to warrant a reversal.

The objections of appellant embraced in the other assignments of error, are sufficiently met by what we have said in passing upon the foregoing, and need not be further noticed. Perceiving no material error in the record, the judgment will be affirmed.                          *Judgment affirmed.*

*H. C. Dillon*, for appellant.

*Ellsworth & Vannata*, for appellee.