EDWARD W. UPHAM, ADMINISTRATOR OF THE ESTATE OF CHARLES H. BROWN, DECEASED, V. GEORGE A. CALDWELL.

*Replevin—Right of possession—Log lien—Judgment.*

1. In an action of replevin, the plaintiff must recover, if at all, upon the strength of his own title or right of possession.

---

[1] See *Farrah v. Bursley*, *post*.

2. No right of possession attaches under a void judgment and execution.

3. A judgment entered by the clerk of the circuit court upon a reference to him to assess plaintiff's damages, after the court has adjourned, and in the absence of the presiding judge and without his authority, is absolutely void.

4. Where, at the time of the execution of a writ of replevin, the defendant is in the possession of the property as purchaser at an execution sale, he is in possession under a claim of right and title, and the plaintiff must establish a right of possession superior to that of the defendant, in order to entitle him to recover.

5. A judgment was entered in favor of the plaintiff in a log-lien suit, but it was absolutely void by reason of defects not affecting the validity of the attachment. The lumber attached was sold on executions in favor of other parties, and three days later was sold on an execution issued on plaintiff's judgment, and the purchaser assigned his interest to the plaintiff, who marked the lumber, and left it in the mill yard of a stranger to the proceeding, where it had theretofore been situated, over which yard the plaintiff had no control. The purchaser at the prior execution sale took possession of the lumber, and plaintiff brought replevin. And it is held that judgment should have been rendered in favor of the defendant for the value of the lumber, less the value of the plaintiff's lien, which he had taken the proper steps to enforce, pursuant to How. Stat. § 8342, which provides that when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have a lien upon, or special property or part ownership in, the goods and chattels described in the writ, the court shall render such judgment as shall be just between the parties.[1]

[1] For cases bearing upon the proper construction of and practice under How. Stat. § 8342, which provides that "when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon, or special property or part ownership in, the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the trial, or on the assessment of value, or on the assessment of damages, in all cases arising under this chapter [chap. 288], and the finding of the jury or court, as the case may be, shall be according to such fact, and the court shall thereupon render such judgment as shall be just between the parties," see:

1. *Sweetzer v. Mead*, 5 Mich. 107, 111, holding that where, in replevin against two, the court finds that each of the defendants has an independent lien, to a specified amount, on the property in controversy, it is erroneous to render a joint judgment in their favor for the value of the property.

2. *Williams v. Vail*, 9 Mich. 162, holding that, where a plaintiff

Error to Kent. (Adsit, J.) Submitted on briefs April 4, 1894. Decided May 18, 1894.

Replevin. Plaintiff brings error. Judgment modified. The facts are stated in the opinion.

*George Clapperton* and *Frank W. Hine*, for appellant.

*L. E. Carroll*, for defendant.

GRANT, J. This case was tried by the court without a jury, and findings of fact and law made. Plaintiff claims the right. of possession under proceedings taken to enforce a lien under the log-lien law. The defendant claims title and possession under certain execution sales.

April 26, 1889, Mr. Brown filed notice of a lien for work and labor of himself and others performed on the logs from which the lumber replevied was manufactured. On the same. day he' commenced suit to enforce his lien in the circuit court of Ottawa county', by attachment,

---

[1] The case was subsequently transferred to the Kent circuit.

in replevin is nonsuited, the defendant, if he waive a return of the property, is entitled to a judgment for its full value.

3. *First National Bank v. Crowley*, 24 Mich. 492, where an iron company had contracted for the sale of a quantity of iron to a bank, and before its delivery so as to pass title, and while it was yet in the possession of the company, a portion of the iron was levied upon by virtue of executions against the company, and was replevied by the bank. And it was held that had it appeared that the plaintiff had the right to the property or its possession, subordinate only to the executions, or had the property been taken by the defendant from the possession of the plaintiff, the judgment should only have been for the amount of the executions; but, as the property was not taken from the possession of the plaintiff, and as it had no right to it or its possession, the sheriff, from whose rightful possession it was taken, was entitled, as against the plaintiff, to recover its full value, being accountable over to the vendor for the excess beyond the executions and costs.

4. *Cary v. Hewitt*, 26 Mich. 228, where the holder of a past-due but unforeclosed chattel mortgage replevied the property, the value of which exceeded the mortgage debt, from an execution creditor of the mortgagors, in whose possession it had been placed by an officer who had seized it on the execution, and who was joined as a co-defendant in the replevin suit, and before anything further had been done under the levy the property was sold on the mortgage to the execution creditor. And it was held:

*a*—That the statute regulating the course in replevin where there

against one Arthur W. Jordan, individually; and the officer, under that writ, attached the logs, which were situated in the mill yard and woods belonging to said Jordan. Some of the labor for which this lien was being enforced was performed for said Jordan individually, and the remainder for Jordan as assignee of one Shoemaker. June 5, 1889, Brown settled with Jordan for the labor performed for him individually, and agreed to discharge the attachment suit against the said Jordan on his individual claim. July 1, 1889, Brown filed his declaration in said cause against Jordan as assignee of said Shoemaker, filed an affidavit of non-appearance, entered defendant's default, and on July 5 entered an order making the default absolute, and referring the case to the clerk to

are separate interests in the same goods makes the determination depend upon the existence of the distinct interests at the time of the commencement of the suit, and not upon the union or division of interests before or after that time.

b—That the plaintiff was not entitled to the possession of the property, as against the execution, when the suit was commenced, and that the defendants were entitled to a judgment for the difference between the value of the property and the interest of the mortgagee therein, not exceeding the amount due on the execution, together with the costs occasioned by the suit instituted by the plaintiff for the possession when he was not entitled to it.

5. *Chadwick v. Broadwell*, 27 Mich. 6, holding that where a defendant in replevin establishes a lien for a saw bill upon a quantity of lumber, a portion only of which has been replevied, an instruction that, if the jury find in favor of the defendant, they shall assess her damages at such a proportion of the whole amount of the lien as the lumber replevied bears to the whole amount in her hands subject to the lien when the writ issued, is not one of which the plaintiffs can complain, it not being claimed that the verdict exceeds the amount due the defendant, who had a right to demand payment of the whole saw bill before any of the lumber was taken from her.

6. *Walrath v. Campbell*, 28 Mich. 111, holding that a defendant in replevin, whose lien under a chattel mortgage upon the property is sustained, cannot recover beyond the value of the property, and, in the absence of other proof of value, the appraisal made under and returned with the writ will measure the amount of his judgment.

7. *Macomber v. Saxton*, 28 Mich. 516, holding that where, in replevin by a mortgagee of the mortgaged property from an officer who has seized it upon executions against the mortgagor, the suit is tried by the court upon an agreed statement of facts, and it is expressly stipulated that if the court shall find that the defendant was lawfully entitled to the possession of the property

assess the damages. July 5, judgment was entered by the clerk. This judgment was absolutely void, because entered by the clerk without any authority from the court. An execution was issued upon this void judgment, and the lumber sold, on the 13th day of July, 1889, to one Buskirk, who was interested with Brown, and who subsequently assigned to Brown. Meanwhile, the lumber, both before and after the levy and sale, remained in the mill yard. July 10, 1889, the lumber was sold on two executions against Shoemaker, and was bid in by the defendant. Defendant took possession under this sale, and was removing the lumber, when Brown brought this suit. It was first tried March 19, 1890, when Brown discovered that he had no judgment upon which to base his execu-

by virtue of the levies, and that the plaintiff was not so entitled, judgment shall be rendered in favor of the defendant for a specified sum, such stipulation, in the event of such a finding being made, is conclusive as to the judgment to be given, and supersedes all inquiry into the value of the interest to which the levies attached, and precludes the plaintiff from contending that the defendant's right was one possessing only a nominal value.

8. *Darling v. Tegler*, 30 Mich. 54, holding that where, in an action of replevin, the plaintiff's uncontradicted proofs show that the defendant, if in possession, was a possessor without any valuable interest in the property, but yet require the rendition of a judgment in his favor for want of a proper demand, he can recover under the statute only nominal damages; and, to the same effect, *Weber v. Henry*, 16 Mich. 399; *Ellis v. Simpkins*, 81 Id. 1.

9. *Fowler v. Hoffman*, 31 Mich. 215, holding it error to instruct a jury, in an action of replevin by a mortgagee against the mortgagor under a mortgage not yet all due, that, if they shall find that there was no continuing breach of the mortgage at the time the suit was brought, the defendant will be entitled, on waiving a return of the property, to recover its full value, as such an instruction wholly ignores whatever is to become due thereafter on the mortgage; and that, under the statute, the mortgagor should have judgment for the real value of his interest, namely, the value of the property, less the amount still to come due on the mortgage.

10. *Moore v. Vrooman*, 32 Mich. 526, holding that a finding in an action of replevin that the defendant did not unlawfully detain the property as alleged, that he had a lien on or special interest in the property for a specified amount, and that the plaintiff was the general owner subject to such lien, will authorize a judgment in the usual form in favor of the defendant for the amount of said lien, and is not open to the objection that the statute requires a more particular finding to warrant such a judgment, and especially in regard to the amount of the respective interests, no

tion and sale, and voluntarily submitted to a nonsuit. This judgment was subsequently set aside. Brown on the 14th day of April, 1890, filed another affidavit of default in his log-lien attachment suit, again entered Jordan's default, which was made absolute, and on April 17, 1890, took judgment. No execution has been issued under this judgment.

The court found that defendant was in possession under his execution sale. He was therefore in possession under a claim of right and title. Plaintiff must establish a right of possession superior to that of defendant, in order to entitle him to recover. Plaintiff's right of possession under the execution sale in his attachment suit cannot be maintained. No right of possession attaches under a void judgment and execution.

---

special findings being requested, nor any exception taken to the finding as made.

11. *Kohl v. Lynn*, 34 Mich. 360, holding that where, in replevin by a mortgagee of a portion of the mortgaged property, which has been sold to the defendant by the mortgagor, it appears that after the suit was commenced the plaintiff sold the remainder of the property on his mortgage, it is competent for the defendant to show to what extent the plaintiff's claim was reduced by such sale, as, in case the property was sold for enough to pay the mortgage, the defendant would be entitled to a return of the property, or such other judgment as would be equitable, and, if the debt was not entirely discharged, he would still be entitled to show the extent to which the plaintiff's claim had been reduced, and to pay it and redeem the property.

12. *Farmers' Loan & Trust Co. v. St. Clair*, 34 Mich. 518, holding that where in replevin the verdict is for the defendant, and he claims only a lien upon or special interest in the property, the general title being in the plaintiff, the verdict is clearly irregular if it fails to find the amount of the defendant's lien or interest.

13. *Gidday v. Witherspoon*, 35 Mich. 368, holding:

*a*—That the statute requires a lien or special property, when relied upon by a plaintiff or defendant in replevin, to be specially found, and, in the absence of such finding, the court cannot recognize it by the judgment.

*b*—That, in order to warrant a finding of a lien or special property in favor of an officer under a levy, proof must be made of the judgment upon which the execution was issued.

14. *Quackenbush v. Henry*, 38 Mich. 369, holding that the object and purpose of the statute is to permit the special property or part ownership in the property replevied to be proved and determined upon the trial of the case, and by the same jury, if a jury trial be had, or on the assessment of value where a demurrer has been interposed, or on the assessment of damages in cases of judgment

Brown was not in actual possession. The attaching officer did not give him possession under the attachment proceedings. His right of possession depended entirely upon the validity of his execution sale. The property was situated in the mill yard belonging to a stranger, over which he had no control. The mere marking of the lumber, and leaving it there, did not give him actual possession. It gave him constructive possession, with the right to remove, but his right to actual possession and of removal depended upon the validity of his judgment. A plaintiff in replevin must recover upon the strength of his own title or right of possession. This plaintiff has shown neither, and judgment was therefore properly rendered for the defendant.

At the time of the levy upon the executions under

---

by default and other like cases, and that it is error to permit a second jury to be impaneled for the assessment of damages in such a case.

15. *Alderman v. Manchester*, 49 Mich. 48, holding:

*a*—That, under the statute, the verdict must be special, and full enough to enable the trial court to render a proper judgment.

*b*—That, in an action of replevin against a constable for goods levied upon, a finding that plaintiff is the general owner of the property, and that the defendant has a lien thereon to the amount of his levy, cannot be sustained where the interests of the parties are conflicting, as where the defendant levies upon plaintiff's goods to satisfy an execution against a stranger.

*c*—That where a defendant in replevin is, under the finding, entitled to a return of the property, there is no propriety in determining the amount of his lien, unless he waives a return, and asks to have the value determined.

*d*—That, where the jury find that a defendant in replevin has a special lien on the property, but do not find its value, there is nothing on which to base a personal judgment against the plaintiff for the amount of such lien.

16. *Steele v. Matteson*. 50 Mich. 313, holding that where, in replevin against three defendants, only one of them is found to be at all interested in the property, it is error to render a money judgment in favor of all of the defendants.

17. *Frederick v. Circuit Judge*, 52 Mich. 529, holding that, where goods held by a sheriff under an attachment are replevied, a judgment in his favor, rendered before the attachment proceedings are decided, must be for the return of the property, and not for the value of his lien.

18. *Berger v. Clippert*, 53 Mich. 468, holding that the judgment recovered by a plaintiff in an attachment suit is admissible on the

which defendant purchased, Brown had a valid lien upon the property, and had taken the proper steps to enforce it. Section 8342, How. Stat., provides that when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have a lien upon, or special property or part ownership in, the goods and chattels described in the writ, the court shall render such judgment as shall be just between the parties. Had Brown's first judgment been valid, his title under the execution sale would have been complete. Under this replevin statute, we think the court should have rendered judgment in favor of the defendant for the value of the lumber, less the value of Brown's lien. The value of the lumber was found by the court to be $848.87, including interest. The value of the lien was $570.24, including interest. Judgment should therefore have been rendered for the defendant for $278.63. Judgment will be rendered

trial of a replevin suit brought by a purchaser of the attached property against the attaching officer, as evidence of the extent of the defendant's lien on or special interest in the property.

19. *Williams v. Bresnahan*, 66 Mich. 634, holding that it is error to render a judgment for the value of the property in favor of a defendant in replevin who has only a special interest therein by virtue of its seizure on legal process, and that the judgment should be for the value of such special interest.

20. *Charpentier v. Bresnahan*, 74 Mich. 48, holding that where an entire stock of goods, which had been seized on executions against the owners, is replevied by them upon a writ which contains a specific description of a portion only of the goods, and all of the goods are appraised, and delivered to the plaintiffs on the execution and delivery of the statutory bond, the defendant is not limited in his recovery to the value of the goods described in the writ.

21. *Steere v. Vanderberg*, 90 Mich. 187, holding that a defendant in replevin, in order to show himself entitled to a judgment for the value of the goods replevied, need not, in addition to showing possession under a claim of title, prove that he has a title as against all the world, when no right or title appears in the plaintiff.

22. *Whitney v. Hyde*, 91 Mich. 13, holding that where the original vendor of a piano, which had been delivered to a railroad company for shipment to a subsequent purchaser, replevies the instrument from the carrier under a claim that the original vendee purchased it fraudulently, with intent not to pay for it, which issue is found against the plaintiff, the defendant, on waiving a return, is entitled to a judgment for the value of the property.

in this Court for that amount, with interest from the date of the judgment in the court below. The defendant will recover costs.

The other Justices concurred.