### CONELY *v.* DUDLEY.

1. REPLEVIN—PRIMA FACIE CASE—PROOF OF TITLE.

Where the plaintiff in an action of replevin makes a *prima facie* case by proof of possession under a claim of purchase from the true owner, and of the forcible taking of the property without consent, it devolves upon the defendant to justify his taking by showing a superior right, and the defense that the assignment to the plaintiff was defective is not available to him until he has shown that, by a valid writ or otherwise, he has acquired an interest in the property entitling him to question the plaintiff's title.

2. APPEAL—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error "that the court erred in directing a verdict for the defendant" is not too general to preclude its consideration, where it is apparent from the record that the error relied on is that there were facts in the case upon which a jury might find the plaintiff entitled to recover.

[1] *Ellen* v. *Topp*, 6 Exch. 424.

3. SAME—RULES OF COURT—FAILURE TO COMPLY WITH RECENT
    AMENDMENT.

> The court refused to affirm a judgment because the bill of
> exceptions did not include the assignments of error, as re-
> quired by a recently amended rule, where error was mani-
> fest, and nothing would be gained by remanding the record
> for correction at appellant's expense.

Error to Wayne; Frazer, J. Submitted October 20,
1896. Decided December 9, 1896.

Replevin by Clarence Conely and another against Har-
lan J. Dudley and another. From a judgment for de-
fendants on verdict directed by the court, plaintiffs bring
error. Reversed.

*Haug & Yerkes* (*John D. Conely*, of counsel), for
appellants.

*Keena & Lightner*, for appellees.

HOOKER, J. The plaintiffs were in possession of cer-
tain lumber, claiming title, when it was taken by the
defendants upon an attachment against the Mascotte
Lumber Company. Plaintiffs brought replevin, and,
after proof of the above facts and the value of the prop-
erty, the court directed a verdict for the defendants, and
the plaintiffs removed the cause to this court by writ
of error.

Plaintiffs' proof of possession under a claim of purchase
from the true owner, and the forcible taking of the lum-
ber without consent, made out a *prima facie* case. *Van
Baalen* v. *Dean*, 27 Mich. 104; *Rose* v. *Eaton*, 77 Mich.
255. *Upham* v. *Caldwell*, 100 Mich. 269, cited by counsel,
is readily distinguishable. It then became necessary for
the defendants to justify their taking by showing a right
or authority superior to that of the plaintiffs. On the
contrary, although *prima facie* wrong-doers, they offered
no testimony, but chose to rely on the claim that the
transfer by assignment to the plaintiffs was defective,

and induced the court to exclude it. But, if they were wrong-doers, they had no interest in this question. It was necessary to show that, by a valid writ or otherwise, they stood in the shoes of the true owner, or other person having an interest in the property, and had the right to question the plaintiffs' title. It was, therefore, error to instruct the jury that the plaintiffs could not recover.

It is contended that the assignment of error, *i. e.*, "that the court erred in directing a verdict for the defendants," is not special under Sup. Ct. Rule No. 12. Upon this record this assignment was equivalent to saying that there were facts in the case upon which a jury might find plaintiffs entitled to recover,—a radically different case from one where the court is said to have committed error in directing a verdict for the plaintiffs, or in refusing to direct one for the defendants. In those cases there may be uncertainty as to what the error relied on or point raised is. See *Alberts* v. *Village of Vernon*, 96 Mich. 549; *Johnson* v. *Ballou*, 25 Mich. 460.

It is claimed that the judgment should be affirmed for the reason that the bill of exceptions does not include the assignments of error, as required by Rule 12 as recently amended. Under the circumstances of this case we are not disposed to subject the plaintiffs to a final judgment in the face of manifest error, and the record is such that nothing would be gained by remanding it for correction at plaintiffs' expense. The rule is a new one, and we are disposed to enforce it with leniency at the present term. *Hostetter* v. *Elevator Co.*, 4 N. Dak. 357.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.