[No. 4094.]

### MESSENGER v. NORTHCUTT, JUDGE OF THE DISTRICT COURT OF BENT COUNTY ET AL.

REPLEVIN—OWNERSHIP—PLEADING—AMENDMENT.

In an action of replevin wherein the original complaint alleged that plaintiff was the agent for the owners of the property and as such agent had been in possession thereof, an amended complaint alleging that plaintiff was the owner and entitled to the possession of the property was not a setting up by amendment of a new cause of action different from that alleged in the original complaint since the same evidence might be introduced under both pleadings and a recovery under one would be a bar to recovery under the other.

*Original Application for Writ of Prohibition.*

Mr. JOHN R. SMITH, for petitioner.

Mr. J. C. GUNTER and Mr. G. M. DAMERON, for respondents.

PER CURIAM. On the ground that the district court of Bent county, in an action for the claim and delivery of per-

sonal property, replevin under the old procedure, wherein J. H. Jones is plaintiff and Kemron E. Messenger is defendant, has abused, and, if permitted to proceed further, will greatly abuse, its discretion, the petitioner here (defendant there) asks this court to stop further action.

The ruling complained of already made was an order denying defendant's motion to strike from the files the amended complaint, based upon the ground that therein was set up a new cause of action, and one entirely different from that contained in the original complaint. The alleged abuse of discretion threatened is the avowed intention of the trial court, declared when the foregoing order was entered, to proceed to a trial upon this new and substituted cause of action, when, under prior decisions of this court, it has been held that a plaintiff, against defendant's objection, may not, by way of an amendment to the complaint, introduce a new cause of action. It is claimed that there is no other adequate remedy to review this ruling because it is waived by answering over (citing *Scovill v. Glasner*, 79 Mo. 449), and defendant ought not to be required to risk his rights by standing on his motion, and depend for a reversal of the final judgment, rendered on default, solely upon the error assigned to the ruling on the motion. The departure is said to be that whereas in the original complaint the plaintiff sued in the capacity as agent of the owner of the property, in the amended pleading he sues as the owner himself.

We must not be understood as intimating, even if plaintiff's construction of the pleadings is correct, that prohibition would lie, for that question is not before us. We are clearly of opinion that the cause of action set up in the amended pleading is the same as that first alleged. The allegation in the original complaint pertinent to this discussion in substance is as follows: " That plaintiff is the agent of J. C. Jones and others, and that the said J. C. Jones and others are the owners of certain horses (here describing them). That the aforementioned stock has been in the possession of plaintiff as agent a long time prior to the commencement of this action."

A demurrer to the original complaint was sustained apparently because of the absence therefrom of an allegation that plaintiff was entitled to possession at the time of the alleged wrongful taking. The plaintiff then filed the amended complaint, whose allegation, said to constitute a departure from the original complaint, reads: " That on November 23, 1898, the plaintiff was, ever since said date has been, and now is, the owner and entitled to the possession of the following goods and chattels," here describing the same property described in the original complaint.

Both under the former practice and under chapter 5 of the code, the ownership in this kind of an action may be either special or general, partial or complete; and it has been frequently held that an agister or the bailee of personal property having a special interest therein, may maintain the action. It is clear that an attempt, at least, in the original complaint was made to allege special ownership in the plaintiff as the agent of the owner in possession. In the amended pleading in legal effect the same allegation is made when the plaintiff is stated to be the owner of the property and entitled to possession. It is special ownership in both cases and under either pleading the averment as to ownership would be met by proof that plaintiff was the agent of the owner with the right to immediate possession.

It has been held to be a fair test in determining whether a new cause of action has been alleged by amendment to inquire if a recovery had upon the original complaint would be a bar to one under the amended pleading, or if the same evidence would support both, or if the same measure of damages is applicable. 1 Ency. of Pl. & Pr. 556, and cases cited. Applying this test, we are satisfied that the same evidence could be introduced under both of these pleadings; a recovery under one would be a bar to recovery under the other, and the same measure of damages is applicable. To the foregoing propositions of law may be cited, among other cases, *Shipton et al. v. Norrid*, 1 Colo. 404, *Bartels v. Arms*, 3 Colo. 72, *D., S. P. & P. R. R. Co. v. Frame*, 6 Colo. 382, *Scovill v. Glas-*

*ner, supra,* Wells on Replevin, § 96 *et seq.* § 656, Cobbey on Replevin, §§ 533, 534, and *Seymore v. Franklin,* 92 Fed. Rep. 123.

The application should be denied, and it is so ordered.