SANFORD *v.* MILLIKIN.

1. REPLEVIN—EVIDENCE—TITLE OF PARTIES.
   Where, in an action of replevin, it appears that the property
   was taken by defendant from the actual, exclusive, and un-
   disputed possession of plaintiff's agent, evidence that the
   plaintiff is not the owner is not admissible, in the absence of
   evidence of a superior title in the defendant.

2. EVIDENCE—PRESUMPTION—CONTINUANCE OF CONDITION.
   Evidence that property was placed in the possession of plain-
   tiff's agent for sale is sufficient to show that the possession
   continued at the time it was taken by defendant; the condi-
   tion, once shown to exist, being presumed to continue until
   the contrary is proved.

3. TRIAL—RECEPTION OF EVIDENCE—OFFER OF PROOF.
   Where defendant in replevin offers proof that the plaintiff is
   not the owner of the property in question, the trial court has
   a right to assume that he is stating all he intends to prove,
   and that he does not intend to prove a title in himself.

Error to Tuscola; Beach, J.   Submitted April 13, 1906.
(Docket No. 78.)   Decided May 24, 1906.

Replevin by Emma Sanford against Andrew Millikin.
There was judgment for plaintiff on a verdict directed
by the court, and defendant brings error.   Affirmed.

*Pulver & Smith,* for appellant.

*Brooker & Corkins,* for appellee.

CARPENTER, C. J.   Plaintiff brought this action of re-
plevin to recover from defendant the possession of a buggy.
Her testimony tended to prove her ownership of the
buggy; that by her direction the buggy was left with one
Wes. Baker with instructions to sell the same; that de-
fendant took the buggy (but under what claim the record
does not show) and refused to deliver it to plaintiff when

she demanded its possession. The trial court refused to permit defendant to prove that "Mrs. Sanford (plaintiff) is not the owner of this buggy, was not originally the owner of it, did not purchase it in the first instance and never was the owner of the buggy, and that her husband was the owner of the buggy," and directed a verdict in plaintiff's favor.

Defendant contends that the judgment entered upon said verdict should be reversed because the court erred in excluding the testimony tending to prove that the buggy was owned by plaintiff's husband. To entitle a plaintiff to recover in an action of replevin, he must establish his right to the possession of the property replevined. This he may do by proving that he was in actual and undisputed possession when defendant took the property. If he had no such possession, he must prove title. If he bases his right to recover upon proof of title, defendant may defeat his recovery by proving title in a third person. *Nicholson* v. *Dyer*, 45 Mich. 610; *Upham* v. *Caldwell*, 100 Mich. 264. If, however, the property was taken from the actual and undisputed possession of plaintiff, defendant cannot defeat recovery by proving title in a third person. He must in that case prove that he himself has a title superior to that of the plaintiff. *Rose* v. *Eaton*, 77 Mich. 255; *Conely* v. *Dudley*, 111 Mich. 122; *Van Baalen* v. *Dean*, 27 Mich. 106.

Since the possession of her agent may be treated as her possession, the buggy while it was in the custody of Baker was in the possession of plaintiff. It may be inferred, too, that that possession was actual, exclusive, and undisputed. Defendant contends that there is no testimony tending to prove that this possession continued at the time he took the buggy. This testimony is supplied by the presumption that a condition once shown to exist is presumed to continue until the contrary is proved.

Defendant also contends that it may not be assumed that he would not have proved a title in himself superior to that of plaintiff had he been permitted to introduce the

excluded testimony. The trial court had a right to assume that defendant in stating what he intended to prove, stated all he intended to prove. It was therefore proper to assume that he did not intend to prove a title in himself superior to that of plaintiff.

We think the trial court did not err in excluding the proffered testimony, and that the judgment should be affirmed.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.