[No. 5209.]
[No. 5820 C. A.]

The Colorado Midland Railway Company v. Snider.

1. **Railroads—Damages—Fires—Cause—Question for Jury—Verdict—Not Disturbed on Appeal.**

In an action for damages sustained by fire alleged to have been caused by sparks from passing engines, the evidence showed that the fire was discovered between 12 m. and 12:15 p. m. on the roof of a cabin northeast of the house destroyed, and about 125 feet from the nearest point of the track and 350 feet from a point on the track northeast of the cabin; that a strong wind was blowing from the northeast; that the engines passed at 11:30 and 11:45 a. m., going up a steep grade and working hard, the smoke passing over the house destroyed, but no evidence was introduced as to sparks or cinders; that there had been no fire on the premises after 10:30 a. m. of that date; and that the fire was communicated from the cabin to

other buildings, and thence to the house. Held, that, there being no evidence of any physical law incompatible with the verdict, and the appellate court not judicially knowing of any physical law which would render it impossible for the buildings destroyed to have been ignited by such engines, the question was properly submitted to the jury; and since it cannot be said that the evidence is of insufficient strength and force, considering the surrounding circumstances and conditions, to justify a reasonable and well-grounded inference by reasonable men that the fire was of railroad origin, and that there was no proof tending to establish the relation of cause and effect between the operation of the road and the breaking out of the fire, and that the evidence does not exclude every other reasonable probability that the fire originated from some other cause, the verdict of the jury should be allowed to stand.—P. 354.

2.  **Practice in Civil Actions—Instructions Tendered—Covered by Other Instructions.**

It is not error to refuse instructions tendered when the principles therein contained are substantially covered by instructions given.—P. 355.

3.  **Practice in Civil Actions—Damages—Destruction of Personal Property—Value—Evidence.**

In an action for damages for the destruction of personal property, the original cost of the articles destroyed, the length of time they had been in use, and their condition at the time of their destruction, are competent evidence of their value.—P. 356.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by Elmore E. Snider against The Colorado Midland Railway Company. From a judgment for plaintiff, defendant appeals.        *Affirmed.*

Messrs. ROGERS, CUTHBERT & ELLIS (Mr. PIERPONT FULLER, of counsel), for appellant.

Mr. ARTHUR CORNFORTH and Mr. THOMAS J. BLACK, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Action for damages sustained by fire, alleged to have been caused by sparks from the engines of ap-

pellant used by it in the operation of its line of railroad.

A jury trial resulted in a verdict and judgment against appellant, from which this appeal.

At the close of the testimony, the case stood thus: On June 19, 1899, at 11:30 and 11:45 a. m., trains operated by appellant, drawn by two and one engines respectively, passed over its road adjacent to the premises destroyed, going west up a steep grade, working hard. The wind was blowing from the northeast. The smoke from the engines passed over the house destroyed. No witness testified to seeing any sparks or cinders emitted from the engine.

Witnesses testified that the wind was "a pretty good one," "blowing hard," and was "a pretty strong wind." There had been no fire on the premises after 10:30 a. m. of that date. Between 12 m. and 12:15 p. m. a fire was discovered on the roof of a cabin or shed northeast of the house destroyed. The fire was communicated from this shed to other buildings, and thence to the house. The cabin or shed upon the roof of which the fire was first discovered, was situated 125 feet from the railroad track at its nearest point, and 350 feet from a point on the railroad track northeast of the shed.

Proof of the value of the property destroyed was adduced.

In support of a reversal of the judgment, appellant relies upon the following propositions: (1) It appears affirmatively from the undisputed evidence, that it was physically and mathematically impossible that the cabin was set on fire by a spark from the defendant's engines; (2) The evidence was insufficient to support the verdict and judgment; (3) The court erred in instructing the jury; (4) the court erred in admitting evidence as to the measure of damages, and the verdict was excessive.

We shall consider points 1 and 2 together.

There was no evidence of any physical law in conflict with the verdict, nor do we judicially know of any physical law which renders it impossible for the buildings in this case to have been ignited from sparks emitted from the fires of the engines of defendant's passing trains. Whether the buildings and their contents destroyed were ignited by sparks from the passing engines, was a question of fact for the jury. In determining such fact, it was their right and duty to consider, not only all the evidence adduced, but to apply to its consideration all of their respective experiences.

A very careful consideration of the testimony found in the transcript of the record forces us to the conclusion that this is peculiarly a case where the verdict of the jury should be allowed to stand, unless it should appear that the verdict is manifestly against the weight of the evidence or was influenced by passion or prejudice. From the very nature of the case, unless it is by direct proof shown that the fire was of railroad origin, proof of this initial fact must be largely circumstantial. The verdict is not manifestly against the weight of the evidence, nor does it appear to have been the result of passion or prejudice. Counsel for appellant do not so contend, but insist that the evidence was insufficient to support the verdict—not that the verdict was manifestly against the weight of the evidence, or that there was no evidence to support the verdict. We are not prepared to say that the evidence in this case is of insufficient strength and force, considering the surrounding circumstances and conditions, to justify a reasonable and well-grounded inference by reasonable men that the fire was of railroad origin, and that there was no proof tending to establish the relation of cause and effect between the operation of the road

and the breaking out of the fire, and that the evidence does not exclude every other reasonable probability that the fire originated from some other cause. This being the case, under the rules announced by the appellate courts of this state, the verdict of the jury should be allowed to stand.—*Union Pac. Ry. Co. v. De Busk,* 12 Colo. 294; *Denver, etc., R. R. Co. v. Morton,* 3 Colo. App. 155; *Stratton v. U. P. R. R. Co.,* 7 Colo. App. 126; *C. & F. Lumber Co. v. D. & R. G. R. R. Co.,* 17 Colo. App. 275.

3.   The instructions given by the court to the jury, taken in their entirety, correctly state the principles of law involved. There was no error in refusing the instructions tendered by appellant, as the principles therein contained were substantially covered by the instructions given.

4.   At the trial, counsel entered into the following stipulation:

"It is stipulated by and between counsel that plaintiff shall make a written list of all the articles belonging to him at the time of the fire, with a statement of the *cost* of each article if he knows it, and of the condition of each article at the time of the fire, and the time that each one had been in use. This list shall be admitted as evidence of the property owned by plaintiff at the time of the fire, and its condition and the time which it was in use, and no objection to the introduction of said list for these purposes shall be made except that the defendant shall have the right to object to the competency of the testimony as to the *cost* of the different articles on the ground that such testimony does not tend to establish the value of the articles at the time of their destruction, and is not the best evidence thereof. This stipulation shall apply to the household furniture, bedding, wearing apparel and similar articles only."

Pursuant to the foregoing stipulation, appellee offered in evidence a list marked "Exhibit A," comprising several hundred articles, consisting of household furniture, bedding, wearing apparel, etc. This list occupies twenty-six folios of the transcript of record, but is not reproduced in the abstract.

Counsel for appellant interposed the following objection to the introduction of this list:

"I don't object to the list as a list, because it has been agreed that the list may be put in, but I do object to the *competency of the evidence,* because the testimony of the witness as to the cost of the articles and as to the length of time they were in use, and as to their condition, is not competent evidence of their value at the time they were destroyed; there has been no foundation laid for this testimony as to the cost and condition of this property, for the reason that it has not been shown that it had a market value, and if it had a market value, that value is the only competent measure of damages. I make the objection at this time to save my rights. I simply want to get my objection in the record."

The objection was overruled, and exception saved.

It is apparent, from the above objection, from other objections interposed by appellant, and from the assignment of errors based upon exceptions taken to rulings thereon, that, at the trial, the theory of counsel for appellant was, that the *cost* of the articles destroyed, the length of time they had been in use, and their condition at the time of their destruction, was not competent evidence of their value. Here, this theory is abandoned, as it is freely admitted that the cost of household goods may be shown in connection with other things to enable the jury to infer the value of the goods at the time of their destruction. Such is the rule in this state.—

*John Mouat Lumber Co. v. Wilmore,* 15 Colo. 136, 140; *Denver, S. P. & P. R. R. Co. v. Frame,* 6 Colo. 382, 388.

We think appellee clearly brought himself within the rule above stated in his proof of the value of the property destroyed, that such proof was within the terms of the stipulation above set forth, and that there was no error in overruling the objection to the introduction of "Exhibit A."

Counsel for appellant assert in their brief that there is no evidence tending to show that the value of the property destroyed exceeded about $400. Our attention is not called to anything in the abstract of the record in support of this assertion. In the absence of some showing that the verdict was excessive, we must presume that the verdict of the jury was right.

Perceiving no error in the record, the judgment must be affirmed.                           *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.