[No. 7106.]

SCHILDT V. BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY.

1.   EVIDENCE—*Admissions in Pleading*—What is admitted by the pleadings need not be proved—(511).

2.   ——*Value—Of Unmarketable Things*—In an action to recover the value of the parts of a broken bridge, evidence of the value thereof to the county, the value of new material of like character, and the present condition of the property, may enable a jury to find the value—(511).

3.   TRIAL—*Motion for Non-Suit—Effect*—Defendant who moves for a non-suit, offering no evidence, waives a counterclaim which he has interposed.   The court is not under duty to instruct as to the issues presented by pleading not supported by any evidence—(511).

*Error to Montrose County Court.*—HON. H. W. HANES, Judge.

Mr. HUGO SELIG, for plaintiff in error.

Mr. T. J. BLACK, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The substance of the complaint in this action is, that the plaintiff (the board of county commissioners of Montrose county) was the owner and in possession of a certain county bridge composed of timber, lumber, rods, etc.; that by high water in 1909 this bridge and the material of which it was composed was separated and carried below; that the defendant, on or about June 30, 1909, (in said county) wrongfully and without the consent of the plaintiff took in his possession and converted to his own use, certain materials of which the bridge was composed of the value of $300; that before the bringing of this suit plaintiff demanded possession of said property; that defendant refused and still refuses to deliver the same or any part thereof.

The answer contains: first, a denial. Second, it alleges, that when the bridge was washed out by the elements, parts of it came down the stream along the lands of the defendant; that in doing so it changed the course of the stream, washed out and destroyed certain property of the defendant; that in order to prevent further loss and to prevent said property of the county from being carried away and destroyed, and for the purpose of preserving it, the defendant, with his men, took the property out of the stream, piled it on his premises, where it has remained; that the value of the work and expense the defendant was put to in preserving and saving the property was about $25; denies that he refused to give the property up, but alleges that he stands ready and is willing to turn it over, on payment of the expenses in preserving it. He prays judgment for $25 and costs. By replication plaintiff denies the allegations of the answer except as admitted in the complaint.

The trial was by jury, which found for the plaintiff. The defendant brings the case here for review upon error.

It, is alleged that the county failed to prove its ownership of the property; the answer of the plaintiff admits this fact. In such case proof was unnecessary.

Numerous errors are urged pertaining to the pleadings and failure of proof as to the value or any value to the property, or damages to the county, and also to the instructions given and refused upon this phase of the case.

The property, parts of a county bridge, is essentially of the kind that would have no particular market value. The evidence, in substance, was that there was a value to such property to the county (giving it). There was also evidence of the value of similar new material, the present condition of the property involved, etc.; under these circumstances we think that the pleadings, evidence and instructions upon the value of the property and the damage sustained by the county are in harmony with the former opinions of this court as well as the court of appeals.— *The Denver, etc., R. R. Co. v. Frame,* 6 Colo. 382 ; *Mouat Lumber Co. v. Wilmore,* 15 Colo. 136; *Colo. Mid. Ry. Co. v. Snider,* 38 Colo. 351; *The U. P., Denver, etc., Ry. Co. v. Williams,* 3 Colo. App. 526.

Complaint is made in the refusal to give certain instructions pertaining to the defendant's counterclaim, and his alleged right to have a lien upon and hold the property in question for the services rendered until the amount of his claim was paid. The defendant offered no evidence to establish the allegations of his answer, but saw fit to rest his case upon a motion for nonsuit, on the ground that no evidence of any ownership of the property, or the value of the damages had been offered. This motion was overruled; the cause then submitted to the jury upon plaintiff's testimony. It is not incumbent upon the court to submit instructions to the jury based upon the pleadings when no evidence has been introduced to support

them. This relieves us from the necessity of passing upon the validity of the defendant's counterclaim or his right to a lien in case the evidence had sustained the statement of facts contained in his cross-complaint.

Perceiving no prejudicial error the judgment is affirmed. *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.